UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cv-60954-LEIBOWITZ

**GREG MATUS**,

   *Plaintiff*,

v.

**SPORT SQUAD d/b/a JOOLA**,

   *Defendant.*
_____/

## ORDER

THIS CAUSE comes before the Court on Defendant Sport Squad d/b/a Joola's ("Joola") Motion to Dismiss Plaintiff's Amended Class Action Complaint (the "Motion") [Mot., ECF No. 28], filed on September 6, 2024. Plaintiff Greg Matus ("Matus") filed a response [Resp., ECF No. 29], and Joola filed a reply [Reply, ECF No. 30]. The Court has reviewed the relevant filings, the record and the applicable case law. For the foregoing reasons, the Motion is GRANTED in part and DENIED in part.

## BACKGROUND

Defendant Joola is "a leader in the design, development, manufacture, and distribution of pickleball paddles and accessories[.]" [Am. Compl., ECF No. 18 ¶ 20]. According to the Amended Complaint, which this Court takes as true for purposes of this Motion, in September and November 2023, Joola submitted eleven base model prototype paddles to USA Pickleball ("USAP"), the national governing body for the sport of pickleball in the United States, for approval, which were then subsequently approved by USAP. [*Id.* ¶¶ 2, 4, 5]. After receiving approval, Joola manufactured tens of thousands of different paddles than the ones that were

approved by USAP (the "Subject Paddles") and marketed them for $279.95 per paddle which brandished the USAP Approved stamp. [*Id.* ¶¶ 6–7]. On April 10, 2024, six days prior to the Subject Paddles going on sale to consumers, USAP notified Joola that the Subject Paddles did not comply with USAP regulations, and on May 16, 2024, USAP removed the Subject Paddles from the approval list. [*Id.* ¶¶ 8–9]. Joola issued a statement that this was due to an "administrative error" which caused it to submit the wrong paddles for certification and admitted that the Subject Paddles were never provided to USAP for certification testing. [*Id.* ¶¶ 9–10]. Despite this, Joola sold the Subject Paddles with the USAP Approved stamp. [*Id.* ¶ 12]. On May 30, 2024, USAP informed Joola that the Subject Paddles failed its testing and would not be certified. [*Id.* ¶ 47].

Plaintiff Matus purchased two of the Subject Paddles on April 17, 2024, but has stated that he would not have had he known they were not approved by USAP. [*Id.* ¶¶ 19, 101]. Matus claims Joola's actions were a "deceptive and fraudulent scheme" and brings four causes of action against Joola: Unjust Enrichment (Count I), Breach of Express Warranty (Count II), Breach of Implied Warranty (Count III), and a violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count IV). [*Id.* ¶¶ 73–130]. Matus attempts to bring this action on behalf of a class of injured persons from 28 states (the "Multi-State Subclass"). [*Id.* ¶ 59].

## LEGAL STANDARD

To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotations omitted)). When reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court must accept as true all factual allegations contained in the complaint, and the plaintiffs

2

receive the benefit of all favorable inferences that can be drawn from the facts alleged. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Iqbal*, 556 U.S. at 678. "Taking the facts as true, a court may grant a motion to dismiss when, 'on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.'" *Bentley v. Bank of Am., N.A.*, 773 F. Supp. 2d 1367, 1370 (S.D. Fla. 2011) (citing *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)).

## DISCUSSION

Defendant moves to dismiss Plaintiff's Amended Complaint on five grounds: (1) Matus's claims must be dismissed to the extent they are based on alleged violations of non-Florida law because Matus lacks standing to do so and fails to state a claim for violations of non-Florida consumer protection statutes, (2) Matus fails to state a claim for a violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), (3) Matus fails to state a claim for unjust enrichment, (4) Matus fails to state a claim for breach of express warranty, and (5) Matus fails to state a claim for breach of implied warranty.  This Court addresses each issue in turn.

A. <u>Matus can bring claims based on non-Florida law.</u>

A plaintiff in a class action must have standing for each claim. *See Wilding v. DNC Servs. Corp.*, 941 F.3d 1116, 1124 (11th Cir. 2019). Joola's only argument on this issue is that Matus "does not have standing to assert claims under the laws of other states" because Matus resides in and purchased the Subject Paddles in Florida. [Mot. at 9]. While some courts in this district have found that a Florida plaintiff lacks standing to bring claims based on other states' laws, *see, e.g., Feldman v. BRP US, Inc.*, No. 17-cv-61150, 2018 WL 8300534, at *7 (S.D. Fla. Mar. 28, 2018), the Eleventh Circuit held in an unpublished opinion that "whether [a plaintiff] has causes of action under the dozens of [non-Florida] state statutes it invokes [] is not a standing

3

question at all. It is, instead, a Rule 12(b)(6) merits issue." *In re Zantac (Ranitidine) Prods. Liab. Litigaion*, No. 21-10335, 2022 WL 16729170, at *5 (11th Cir. Nov. 7, 2022) (citing *Morrison v. YTB International, Inc.*, 649 F.3d 533, 536 (7th Cir. 2011); *Langan v. Johnson & Johnson Consumer Companies, Inc.*, 897 F.3d 88, 93, 96 (2d Cir. 2018); *In re Asacol Antitrust Litig.*, 907 F.3d 42, 49 (1st Cir. 2018); *Mayor of Baltimore v. Actelion Pharms. Ltd.*, 995 F.3d 123, 134 (4th Cir. 2021)). While Joola is correct that *In re Zantac* is an unpublished opinion and thus nonbinding, this Court agrees with the Eleventh Circuit's reasoning. [*See* Reply at 2].

"[A]ll circuits which have addressed whether a plaintiff can represent unnamed class members whose claims fall under different states' laws have concluded that it is a question that concerns Rule 12(b)(6) or Rule 23—not Article III." *In re Zantac*, at *6 (citing William B. Rubenstein, 1 Newberg on Class Actions § 2:6 (5th ed. & Dec. 2021 update)). The Eleventh Circuit found that whether the *Zantac* plaintiff could bring claims under other states' laws was better decided under Federal Rules of Civil Procedure 12(b)(6) or 23 because in those motions, a court can consider whether the plaintiff is an appropriate class representative for those individuals whose claims arise under the laws of other states. *Id.* The court believed that standing was not an issue because even though unnamed class members may have been injured in other states, the alleged injuries and interests are substantially the same. *Id.* Thus, "[b]ecause [Matus] has allegedly been injured by [Joola] and those injuries are redressable by a favorable decision, it has Article III standing to pursue some of its claims" as his "ability (or inability) to sue under the laws of states where [he never purchased the Subject Paddles] does not implicate Article III standing[.]" *Id.* at 8.

Next, Joola argues that Matus fails to state a claim for violation of non-Florida consumer protection statutes. A plaintiff in an attempted class action, pre-class certification, can bring

some counts that "assert materially identical consumer-protection claims on behalf of class members from other states, and they can even list in the named Plaintiffs' consumer-protection counts, the states whose consumer-protection statutes (they believe) are similar enough to justify certification." *Coleman v. Burger King Corp.*, No. 22-cv-20925, 2023 WL 5507730, at *3 (S.D. Fla. Aug. 25, 2023) (Altman, J.) (holding that Florida plaintiff who believes that another state's consumer-protection statute is materially identical to FDUTPA may put Court on notice in complaint of his intention to represent the other state's claims of that state's class members based on the same underlying activity). While Matus, who only purchased the Subject Paddles in Florida, certainly cannot himself bring claims based on the consumer protection laws of other states, at this stage, he has sufficiently put the Court on notice that he may attempt to certify a class of consumers who were injured in other states. Any dispute as to whether that class, and any sub-class of non-Florida consumers, should be certified is better argued in a motion for class certification, not at a motion to dismiss. *See id.* (finding that a plaintiff in a purported class action need not bring a complaint "that asserts fifty separate state consumer-protection claims—unless, of course, they can find a named plaintiff from every state.").

Here, Matus's only claim of a violation of a consumer protection law is Count IV – Violation of FDUTPA. [Am. Compl. ¶¶ 113–130]. Matus brings no claim alleging a violation of a consumer protection statute of another state, because he cannot as he only purchased the Subject Paddles in Florida. He does, however, bring his consumer protection claim on behalf of the Multi-State Subclass "comprised of all Class Members who purchased a Subject Paddle in: (a) Florida, and (b) all states with substantially similar consumer protection statutes prohibiting unfair and deceptive trade practices." [Am. Compl. ¶ 114]. Matus's Amended Complaint satisfies *Coleman* because it alerts this Court that there may be claims in the future after a class is

5

certified based on the consumer protection laws that are sufficiently similar to FDUTPA and Matus may at that time file a Second Amended Complaint to assert those claims with this Court's permission. Beyond *Coleman*, Joola points this Court to no case in which a Court dismissed a count similar to Count IV here. Therefore, Joola's motion is denied on this ground.

Joola may very well be correct that Matus cannot bring claims based on other states' laws for standing and failure to state a claim purposes, but this argument is premature at this juncture, when class certification is not before this Court.

B. Matus successfully pleads a violation of FDUTPA.

Courts in the Southern District of Florida are split as to whether the heightened pleading requirement of "Rule 9(b) applies to claims brought under FDUTPA." *Macbeg De Occidente S.A. de C.V. v. Kaloti Metals & Logistics, LLC*, No. 12-cv-24050, 2013 WL 12145905, at *3 (S.D. Fla. June 25, 2013); *compare Llado-Carreno v. Guidant Corp.*, No. 09-cv-20971, 2011 WL 705403, at *5 (S.D. Fla. Feb. 22, 2011) (Altonaga, J.) and *Perret v. Wyndham Vacation Resorts, Inc.*, 846 F. Supp. 2d 1327, 1333 (S.D. Fla. 2012) (Seitz, J.) with *Lewis v. Mercedes-Benz USA, LLC*, 530 F. Supp. 3d 1183, 1231 (S.D. Fla. 2021) (Ruiz, J.) and *Bluegreen Vacations Unlimited, Inc. v. Timeshare Laws. P.A.,*, No. 20-cv-24681, 2021 WL 3552175, at *7 (S.D. Fla. Aug. 11, 2021) (Scola, J.) and *Toback v. GNC Holdings, Inc.*, No. 13-cv-80526, 2013 WL 5206103, at *2 (S.D. Fla. Sept. 13, 2013) (Cohn, J.) and *Galstaldi v. Sunvest Communities USA, LLC*, 637 F. Supp. 2d 1045, 1058 (S.D. Fla. 2009) ("The requirements of Rule 9(b) do not apply to claims under the FDUTPA.").

"This Court joins several decisions in holding that the requirements of Rule 9(b) categorically do not apply to claims under FDUTPA." *Harris v. Nordyne, LLC*, No. 14-cv-21884, 2014 WL 12516076, at *4 (S.D. Fla. Nov. 14, 2014) (Bloom, J.). "FDUTPA claims seek

6

a remedy for conduct distinct from traditional common law torts such as fraud.  As such, the uniqueness of the cause of action place it outside the ambit of Rule 9(b)." *Id.*  "FDUTPA was enacted to provide remedies for conduct outside the reach of traditional common law torts such as fraud, and therefore, the plaintiff need not prove the elements of fraud to sustain an action under the statute." *State of Fla., Off. of Atty. Gen., Dep't of Legal Affs. v. Tenet Healthcare Corp.*, 420 F. Supp. 2d 1288, 1310 (S.D. Fla. 2005) (internal quotation marks omitted); *see Fonte v. AT&T Wireless Servs., Inc.*, 903 So. 2d 1019, 1024 (Fla. Dist. Ct. App. 2005) ("FDUTPA is a remedial statute designed to protect consumers.").  "And, as Florida courts explain, 'a deceptive or unfair trade practice constitutes a somewhat unique tortious act because, although it is similar to a claim of fraud, it is different in that, unlike fraud, a party asserting a deceptive trade practice claim need not show actual reliance on the representation or omission at issue.'" *Harris*, 2014 WL 12516076, at *4 (quoting *Office of A.G., Dep't of Legal Affairs v. Wyndham Int'l, Inc.*, 869 So. 2d 592, 598 (Fla. Dist. Ct. App. 2004)).

"Furthermore, requiring plaintiffs to plead FDUTA claims with particularity would not advance the primary goals of Rule 9(b).  FDUTPA's elements are more particularized than those of common law fraud.  A complaint which states plausible allegations of a deceptive or unfair practice in the course of trade or commerce and resultant damages will generally put a FDUTPA defendant on fair notice of the nature of plaintiff's claim and the grounds upon which it is based, without the risk of subjecting the defendant to specious claims of impropriety." *Id.* at *5 (noting that courts have declined to apply Rule 9(b)'s requirements to other contexts, including claims of constructive fraud, where there is no requirement of a knowingly false action by the defendant directed to and relied upon by the plaintiff).  Considering the split in this district, and without clear direction from the Eleventh Circuit, this Court is particularly hesitant to impose heightened

pleading standards on a plaintiff who cannot be expected to know with certainly that more is required of him when drafting a complaint.

Having decided that Rule 9(b)'s particularity requirement does not apply to FDUTPA claims, this Court now conducts the typical 12(b)(6) analysis.  To state a claim under FDUTPA, a plaintiff must plead "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages."  *Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084, 1097 (11th Cir. 2021).  "Under FDUTPA, 'deception occurs if there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment.'" *Kurimski v. Shell Oil Co.*, 570 F. Supp. 3d 1228, 1242 (S.D. Fla. 2021) (quoting *Zlotnick v. Premier Sales Grp., Inc.*, 480 F.3d 1281, 1284 (11th Cir. 2007)).  This standard requires a showing of probable, not possible, deception that is likely to cause injury to a reasonable relying consumer.  *Id.*  Here, Matus properly pleads a deceptive act because, taking the complaint as true, Joola marketed and sold the Subject Paddles that bore the USAP stamp of approval even though the Subject Paddles were never submitted to USAP for testing.  [*See* Am. Compl. ¶¶ 6, 7, 12, 28, 34].  A stamp from USAP on the Subject Paddles implies to the consumer that USAP certified the paddles, even though USAP had never certified the Subject Paddles.  Marketing and selling the Subject Paddles as certified when they were not certified is likely to cause injury to a consumer who seeks to purchase paddles that USAP certified.  Certainly, improperly labeling a product as certified by USAP causes a consumer who wants to purchase a USAP certified paddle to purchase a paddle they otherwise would not have purchased.  Thus, the causation and actual damages prongs are satisfied as well.  Based on the allegations in Matus's complaint, he successfully states a claim for a FDUTPA violation and Count IV survives.

C. <u>Joola fails to convince this Court that Matus's unjust enrichment claims should be dismissed.</u>

To state a claim for unjust enrichment, a plaintiff must allege that "(1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain it without paying the value thereof." *Garcia v. Clarins USA, Inc.*, No. 14-cv-21249, 2014 WL 11997812, at *5 (S.D. Fla. Sept. 5, 2014) (citing *Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1337 (11th Cir. 2012)). Joola does not argue that Matus failed to adequately plead these elements, rather, it argues that the claim is duplicative of the FDUTPA claim and should be dismissed. [Mot. at 14–15]. This Court disagrees.

Joola relies on *Licul v. Volkswagen Grp. of Am., Inc.*, No. 13-cv-61686, 2013 WL 6328734, at *1–2 (S.D. Fla. Dec. 5, 2013) and *Guerrero v. Target Corp.*, 889 F. Supp. 2d 1348, 1356 (S.D. Fla. 2012) which dismissed counts of unjust enrichment where the claims were based on the same underlying allegations as their pleaded FDUTPA claims. *Guerrero* dismissed the unjust enrichment claim because the plaintiff sought "recovery for the exact same wrongful conduct as in her FDUTPA claim" which provided an adequate remedy at law which prevents an equitable remedy like unjust enrichment. *Guerrero*, 889 F. Supp. 2d at 1356–57; *see also Licul*, 2013 WL 6328734, at *7 ("Plaintiffs' unjust enrichment claim is a vague catch-all that does no more than incorporate by reference the alleged wrongdoing already addressed by their other legal causes of action, and thus should be dismissed as duplicative."). More recent cases in the Southern District of Florida depart from *Licul* and *Guerrero*. *See Gilead Scis., Inc. v. AJC Med. Grp., Inc.*, No. 20-cv-24523, 2021 WL 8534243, at *22 (S.D. Fla. Nov. 29, 2021) ("Defendants' argument that Gilead's unjust enrichment claim is factually duplicative fails because plaintiffs may plead unjust enrichment claims in the alternative to legal causes of action, even if they rely

9

on identical factual predicates."); *In re Monat Hair Care Prods. Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. 18-md-02841, 2019 WL 5423457, at *5 (S.D. Fla. Oct. 23, 2019); *see also State Farm Mut. Auto. Ins. Co. v. Physicians Inj. Care Ctr., Inc.*, 427 F. App'x 714, 722 (11th Cir. 2011)*, rev'd in part on other grounds State Farm Mut. Auto. Ins. Co. v. Williams*, 824 F.3d 1311 (11th Cir. 2014) (holding that the rule that "equitable remedies are not available under Florida law when adequate legal remedies exist . . . . does not apply to unjust enrichment claims.").

This Court declines to follow *Licul* and *Guerrero* because "[t]hese cases conflict with other cases in the district and, more importantly, either do not discuss or were decided before the Eleventh Circuit's holding in [*State Farm Mut. Auto. Ins. Co.*, 427 F. App'x at 722.]" *In re Monat*, 2019 WL 5423457, at *5 n.10; *see Reilly v. Amy's Kitchen, Inc.*, No. 13-cv-21525, 2013 WL 9638985, at *7 (S.D. Fla. Dec. 9, 2013).[1]  "As a result, [Matus] may allege, in the alternative, a claim for unjust enrichment even though [his] FDUTPA claim might provide an adequate legal remedy." *In re Monat*, 2019 WL 5423457, at *5.  Therefore, Matus's unjust enrichment claim (Count I) survives.

---

[1] This Court notes that upon a showing that an express contract exists, an unjust enrichment claim may fail. *See State Farm Mut. Ins. Co.*, 427 F. App'x at 722 (citing *Williams v. Bear Stearns & Co.*, 725 So.2d 397, 400 (Fla. Dist. Ct. App. 1998).  However, "[t]he party seeking dismissal bears the burden of showing an express contract governs the issue in dispute." *In re Monat*, 2019 WL 5423457, at *6 (citing *Greenway Nutrients, Inc. v. Selakovic*, No. 18-cv-81104, 2019 WL 1338588, *12 (S.D. Fla. Feb. 14, 2019).  "[U]ntil an express contract is proven, a motion to dismiss a claim for unjust enrichment on these grounds is premature." *Id.*  Joola here has made no argument that the unjust enrichment claim should fail because an express contract exists, much less a showing of one, and thus, this Court will not consider this argument.  *See Martorella v. Deutsche Bank Nat. Tr. Co.*, 931 F. Supp. 2d 1218, 1228 (S.D. Fla. 2013) ("[I]t is not upon the allegation of the existence of a contract, but upon a showing that an express contract exists that the unjust enrichment count fails.").

D. <u>The Amended Complaint fails to state claims for breach of express warranty and implied warranty.</u>

Joola first argues that both Matus's claims for breach of express and implied warranties must fail because Matus did not provide Joola with notice before the *filing* of this instant lawsuit of the alleged breach, rather it provided notice of the breach before the filing of the operative Amended Complaint. [Mot. at 17–18]. The timing to the notice provided to Joola (after the filing of the lawsuit but before the filing of the Amended Complaint) is undisputed. [*See* Resp. at 17]. "Under Florida law, in order to recover for a claim of breach of express warranty, 'the buyer must within a reasonable time after he or she discovers or should have discovered any breach notify the seller of breach or be barred from any remedy.'" *Sclar v. OsteoMed, L.P.*, No. 17-cv-23247, 2018 WL 559137, at *2 (S.D. Fla. Jan. 24, 2018) (quoting Fla. Stat. § 672.607(3)) (citing *Jovine v. Abbott Labs., Inc.*,795 F. Supp. 2d 1331, 1340 (S.D. Fla. 2011)).[2] "Because the point of the notice requirement is to allow the warrantor an opportunity to cure the problem rather than defend a lawsuit . . . pre-suit notice is required." *Valiente v. Unilever United States, Inc.*, No. 22-cv-21507, 2022 WL 18587887, at *17 (S.D. Fla. Dec. 8, 2022) (citing *Lamb v. Graco Children's Prods. Inc.*, No. 4:11CV477-RH/WCS, 2012 WL 12871963, at *2 (N.D. Fla. Jan. 24, 2012)) (internal quotation marks omitted).

Various federal courts in Florida have found that a failure to provide notice *before the filing of the lawsuit* bars a plaintiff from bringing a claim of breach of express or implied warranty. *See Hernandez v. HP Inc.*, No. 1:22-cv-23482-PCH, 2023 U.S. Dist. LEXIS 89914, at *10 (S.D. Fla. May 23, 2023) (dismissing a breach of express warranty claim where the plaintiff argued that the pre-suit notice requirement was satisfied by the filing of the complaint); *Valiente*,

---

2   Fla. Stat. § 672.607 also applies to breach of implied warranty claims. *See Fineman v. Ferragamo USA Inc.*, 672 F. Supp. 3d 1302, 1306–07 (S.D. Fla. 2023), *appeal dismissed*, No. 23-11987-A, 2023 WL 5939033 (11th Cir. July 19, 2023); [Resp. at 17].

2022 WL 18587887, at *17 ("Because Plaintiff failed to allege that she gave Defendant pre-suit notice of the breach, the claim for breach of express warranty must be dismissed without prejudice for failure to state a claim upon which relief can be granted."); *Tershakovec v. Ford Motor Co.*, No. 17-cv-21087, 2018 WL 3405245, at *7 (S.D. Fla. July 12, 2018) ("[Plaintiff's] notice . . . is unreasonably tardy and does not comply with Florida law, because it was given on . . . the eve of the original Complaint's filing[.]"); *Arcure v. Kellogg Co.*, No. 210CV192FTM36SPC, 2011 WL 13294631, at *5 (M.D. Fla. Mar. 29, 2011) ("Plaintiff has failed to allege that he notified Defendant of the alleged breach at any time between the January, 2009 recall and the filing of his complaint in March of 2010.  Thus, Plaintiff has not alleged that he provided Defendant with notification of the products' alleged defect within a reasonable time period.").

The only case which Matus cites regarding the instant pre-suit notice requirement under Section 672.607(3), Florida Statutes, is *Barrakuda Ltd. v. Zazaby Jewels, Inc.*, No. 19-cv-23004, 2020 WL 7493097, at *7 (S.D. Fla. Sept. 24, 2020), in which the court allowed a plaintiff to amend its breach of contract claim to allege that it provided notice within a reasonable time after discovering that the value of the relevant goods were less than what the plaintiff bargained for. *Barrakuda* does not hold that the notice provision in § 672.607 is satisfied so long as notice occurs before an amended complaint, just that any complaint must allege that notice was provided within a reasonable time of the discovery of the breach.  No other case which Matus cites for its argument that a plaintiff need only provide notice before filing operative complaint deals with §672.607(3).  [*See* Resp. at 17–18 (citing *PBR Sales LLC v. Pezco Int'l, LLC*, 2022 WL 956718, at *5 (S.D. Fla. Mar. 1, 2022); *Barbuto v. Mia. Herald Media Co.*, 2021 WL 4244870, at *4 (S.D. Fla. Sept. 17, 2021); *Ramirez 18 v. Martinez*, 2009 WL 199786, at *5 (S.D.

Fla. Jan. 23, 2009); *Martin v. SmithKline Beecham Corp.*, 2006 WL 8433438, at *3 (S.D. Fla. Aug. 15, 2006); *Hosp. Corp. of Am. v. Lindberg*, 571 So.2d 446, 447–49 (Fla. 1990); *City of Coconut Creek v. City of Deerfield Beach*, 840 So. 2d 389, 393 (Fla. Dist. Ct. App. 2003)].

Because this Court finds that Matus cannot bring claims of breach of express and implied warranty for failure to notify defendant within a reasonable time after discovery of the breach, it need not address Joola's substantive argument that Matus's allegations fail to state claims of breach of express or implied warranty. Accordingly, Matus's claims of breach of express warranty (Count II) and implied warranty (Count III) fail as a matter of law and must be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Motion [**ECF No. 28**] is **GRANTED in part and DENIED in part**.  Counts I (Unjust Enrichment) and IV (FDUTPA) survive and Counts II (Breach of Express Warranty) and III (Breach of Implied Warranty) are **DISMISSED with prejudice.**

**DONE AND ORDERED** in the Southern District of Florida on December 16, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record