# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| Greg Matus, *on behalf of himself and all others similarly situated*, | : : : |
| Plaintiff, | : |
| vs. | : : |
| Sport Squad, Inc. d/b/a JOOLA, | : : |
| Defendant. | : : |

**Case No. 24-cv-60954-DSL**

## PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND PROVISIONAL CERTIFICATION OF PROPOSED SETTLEMENT CLASS

Plaintiff Gregory Matus, on behalf of himself and the proposed Settlement Class of individuals similarly situated, with the consent of Defendant Sport Squad, Inc., d/b/a JOOLA ("JOOLA"), respectfully requests entry of an order granting Preliminary Approval of the class action settlement set forth in the Parties' Settlement Agreement ("Settlement" or "Agreement"), certifying the Settlement Class, appointing Class Counsel, appointing Plaintiff as Class Representative, providing for issuance of Notice to the Class, continuing the stay of the Action pending Final Approval, and scheduling a date and time for the Final Approval Hearing.

## I.      Introduction

This case involves pickleball, the fastest growing sport in the United States.  JOOLA makes some of the most popular and advanced pickleball paddles available.  Plaintiff brought this putative class action on behalf of a Nationwide Class and a Multi-State Subclass of individuals who purchased certain pickleball paddles that Plaintiff alleges JOOLA falsely advertised, marketed, and sold as approved by USA Pickleball ("USAP") but that allegedly were not actually USAP approved (the "Gen 3 Paddles").  Plaintiff alleges that JOOLA's false and misleading marketing of the Gen 3 Paddles constituted unfair or deceptive acts or practices in violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.204, *et seq.* ("FDUTPA") and other state consumer protection laws that are materially the same as Florida's.  Plaintiff alleges that JOOLA was unjustly enriched by virtue of this deceptive business practice.  JOOLA denies liability in this Action.

Plaintiff has worked diligently to litigate these claims to benefit all consumers who were harmed by JOOLA's alleged deception.  Today, these efforts, along with Plaintiff John Michael Tomberlin's efforts to litigate a substantially similar case against JOOLA in the Central District of California, *Tomberlin v. Sport Squad Inc.*, Case No. 5:24-cv-1158-MWC (the "California

1

Action"), have been successful.  Plaintiff is pleased to represent to the Court that the parties have entered into the proposed class Settlement, which would settle both the Florida Action and the California Action and benefit a Nationwide Class.[1]  The proposed Settlement is the result of arm's-length negotiations and mediation before the Honorable Michael Hanzman (Ret.) and provides for substantial and meaningful relief to the Settlement Class.  A copy of the Settlement Agreement is attached as **Exhibit A**.

As a result of Plaintiff Matus, Plaintiff Tomberlin, and the undersigned counsels' efforts, aided by Judge Hanzman, all consumers who purchased Gen 3 Paddles from JOOLA or its Authorized Retailers, who have not yet returned their paddles to JOOLA, and who submit a valid claim (Proof a Purchase and return of the paddle) will receive a full refund of $300—an amount that meets or exceeds the original retail prices, plus applicable sales taxes, of the Gen 3 Paddles. Moreover, all consumers who return a Gen 3 Paddle without Proof of Purchase will receive a $150 voucher to use on JOOLA's website.  The Settlement represents an excellent result for consumers as it offers Settlement Class Members a potential recovery that approximates their total likely recoverable damages.  As part of the Settlement, Defendant has also agreed to separately pay Class Counsel up to $790,000 in Attorneys' Fees and Expenses, subject to Court approval, and all Administration Costs, neither of which will reduce the amount of relief provided to the Class Members.  In consideration, Plaintiff and all Class Members will release Defendant from the claims made in the Action and that pertain to the Class Members' purchase of any Gen 3 Paddles

---

[1] The proposed Settlement does not resolve JOOLA's claims in the Florida Action and the California Action against third-party USAP, though JOOLA agrees as part of the proposed Settlement that upon the Court's entry of Final Judgment, JOOLA will file a consent motion to dismiss without prejudice JOOLA's third-party complaints against USAP in the Florida Action and the California Action.  By entering into this Agreement, JOOLA is not releasing, waiving, or otherwise compromising any claims or potential claims that it has or may have against USAP.

that the members return.  The Settlement will also avoid delay in providing relief to the Settlement Class and avoid further protracted litigation with uncertain results.

The parties have agreed to retain the services of Kroll Settlement Administration, LLC ("Kroll" or the "Settlement Administrator"), to assist with the dissemination of the Notice to the Class, the claims process, and the implementation of the Settlement following Final Judgment. Kroll is one of the nation's leading class action settlement administrators.  The parties' robust Notice Plan, as explained thoroughly in the Declaration of Christie K. Reed, the Media Director of Kroll, attached as **Exhibit B**, will provide the best notice practicable to Class Members, consistent with the methods and tools employed in other court-approved notice programs and will allow Class Members the opportunity to review a plain language notice directing them to next steps to learn more about the Action and submit a Claim.

Because Settlement Class Members are receiving potentially all of their claimed damages, and, at a minimum, a substantial portion of the claimed damages, and for the reasons further addressed herein, the parties' proposed Settlement is fair, reasonable, and meets the requirements for Preliminary Approval.  Plaintiff therefore requests, with the support of Defendant, that the Court: (1) grant Preliminary Approval of the Settlement; (2) grant preliminary certification of the Proposed Settlement Class for purposes of settlement; (3) appoint Plaintiff as the Rule 23(c) Class Representative; (4) appoint Co-Lead Counsel, Sigrid McCawley and Tyler Ulrich of Boies Schiller Flexner LLP, Brad Edwards of Edwards Henderson, and Hallie Von Rock of Aiman-Smith & Marcy[2] pursuant to Fed R. Civ. P. 23(c)(1)(B) and 23(g); (5) approve the proposed Notice Plan

---

[2] Ms. Von Rock is counsel for Plaintiff Tomberlin in the California Action.  Although only Plaintiff Matus is requesting to be appointed Class Representative in this Action, the Settlement is the result of efforts by both Plaintiff Matus and Plaintiff Tomberlin, who, along with counsel in the California Action, also participated in the mediation and contributed substantially to the factual and legal development of claims against Defendant.  This Settlement comprises a global resolution

pursuant to Fed. R. Civ. P. 23(e); (6) appoint Kroll as Settlement Administrator to effectuate the Notice Plan; (7) continue to stay this Action; and (8) schedule a date and time for the Final Approval Hearing, which the Parties propose could occur no earlier than January 2026. The Parties' suggested month for a Final Approval Hearing is calculated as follows. Section VI.B. of the Settlement Agreement requires that the Class Notice be served no later than thirty (30) days after entry of the Preliminary Approval Order. Thus, if such an Order is entered by June 1, 2025, the deadline for serving Class Notice will be July 1, 2025. The Settlement Administration section of the Settlement Agreement, Section VII, outlines an entire notice, paddle return and inspection, objection, and dispute resolution deadline process that must be completed no later than 172-days from the date the Class Notice period begins, which would be December 20, 2025 (again, if the Class Notice is served on July 1, 2025). Accordingly, the Parties believe that a Final Approval Hearing should be set in January of 2026.

## II.   Procedural History

### a.  *Matus v. Sport Squad, Inc. d/b/a JOOLA*

Plaintiff filed his complaint in this Action on June 5, 2024 and subsequently filed an amended complaint on August 23, 2024. The amended complaint asserted four claims: (1) unjust enrichment; (2) breach of express warranty; (3) breach of implied warranty; and (4) unfair or deceptive acts or practices in violation of FDUTPA. On December 17, 2024, the Court denied in part JOOLA's motion to dismiss Plaintiff's FDUTPA and unjust enrichment claims, finding that by "[m]arketing and selling the Subject Paddles as certified when they were not certified," JOOLA was "likely to cause injury to a consumer who seeks to purchase paddles that USAP certified."

---

of all claims against Defendant related to the Gen 3 Paddles including settling both the Florida Action and the California Action and will benefit a Nationwide Class.

4

The Court dismissed Plaintiff's claims of breach of implied and express warranty for procedural reasons relating to pre-suit notice.  In October 2024, Plaintiff served extensive written discovery on JOOLA related to both class certification and the merits.  On December 16, 2024, the Court initially entered a trial schedule with class certification briefing in March, and all discovery completed by June 18, 2025.  The Parties subsequently received a 45-day extension of these deadlines to engage in information exchange in preparation for mediation.  Mediation sessions were held before the Honorable Michael A. Hanzman on two separate days in February 2025, ultimately culminating in this Settlement.

      **b.   *Tomberlin v. Sport Squad, Inc. d/b/a JOOLA***

As noted *supra*, the proposed Settlement also resolves the California Action, in which Plaintiff John Michael Tomberlin asserted similar claims against Defendant.  Plaintiff Tomberlin filed his complaint on May 31, 2024 and filed the operative complaint on September 17, 2024, which JOOLA answered on October 4, 2024.  Tomberlin asserted California statutory claims under California law for Fraudulent Competition under the Unfair Competition Law, Cal. Bus. & Profs. Code § 17200, *et seq.*; Unfair, Deceptive, Untrue, and Misleading Advertising, Cal. Bus. & Profs. Code § 17500, *et seq.*; Unfair and Deceptive Consumer Practices under the California Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*; and Unlawful and Unfair Competition under the UCL, Cal. Bus. & Profs. Code § 17200, *et seq.* Under the CLRA, the prevailing plaintiff is entitled to an award of actual damages, injunctive relief, and restitution.  *See* Cal. Civ. Code § 1780(a).  In addition, the prevailing plaintiff is entitled to a mandatory award of attorneys' fees and costs.  *Id*. at subd. (e).  Under the UCL and the false advertising claims, the prevailing plaintiff is entitled to a discretionary award of restitution and injunctive relief.  *See* Cal. Bus. & Profs. Code § 17203.  The California Action was set for a jury trial on May 11, 2026 and Tomberlin's motion

for class certification was due August 6, 2025.  The California Action has also been stayed pending approval of this Settlement and the parties have agreed Tomberlin will dismiss with prejudice the California Action after Final Judgment is entered in this case.  Counsel for Plaintiff Tomberlin participated in and played an active role in the mediation before the Honorable Michael A. Hanzman and this global settlement is the result of the actions and efforts of both Plaintiff Matus and Plaintiff Tomberlin and their respective counsel.

### III.    Material Settlement Terms

The following is a summary of the material terms of the Settlement:

#### a.    Settlement Consideration

As more specifically set forth in the respective Settlement Agreement, in consideration for the full and final settlement of the claims asserted against JOOLA in the Florida Action and the California Action and in consideration of the Releases set forth therein, JOOLA will provide monetary relief to two categories of Settlement Class Members who shall receive the following Settlement Consideration, as set forth in more detail in the Agreement:

- Category 1: Class Members who purchased Gen 3 Paddles from Authorized Retailers between April 16, 2024, and December 31, 2024 (the "Class Purchase Period") and who return their paddle to JOOLA and can show Proof of Purchase shall receive a refund of $300 per paddle; and

- Category 2: Class Members who return a Gen 3 Paddle to JOOLA without Proof of Purchase shall receive a $150 voucher to be used on JOOLA's website, www.joola.com.

*See* **Ex. A** at IV.

#### b.    Settlement Class Certification

The Settlement requires conditional certification of the Class, pursuant to Federal Rule of Civil Procedure 23(b)(1) or, in the alternative, 23(b)(3).  The parties agree that for settlement purposes only and pursuant to the terms of the Settlement, Plaintiff Matus will serve as the Class Representative Plaintiff, and Sigrid McCawley and Tyler Ulrich of Boies Schiller Flexner LLP, Brad Edwards of Edwards Henderson, and Hallie Von Rock of Aiman-Smith & Marcy will serve as Co-Lead Class Counsel pursuant to Federal Rule of Civil Procedure 23(c).  The Settlement is conditional on the Court's approval thereof.  In the event the Court does not approve all terms of the Settlement, then certification of the Class, and all orders entered in connection therewith, including but not limited to any order conditionally certifying the Class, will be voided.  *See* **Ex. A** at XI.G.

### c.   The Settlement Class

The Settlement Class is: All persons residing within the United States who own and have in their possession a Gen 3 Paddle.  Persons who accepted JOOLA's prior offer to tender and return their Gen 3 Paddle are not part of the Settlement Class; however, if a Gen 3 Paddle holder has more than one Gen 3 Paddle and did not already return all of their Gen 3 Paddles, such purchaser may still be a member of the class as to the remainder of the paddles that were not previously returned.  Excluded from the Settlement Class are Defendant and its officers, directors, affiliates, legal representatives, employees, assigns and successors, and Defendant's Authorized Retailers.  *See* **Ex. A** at I.FF.

### d.   Class Notice Provisions

To the extent the District Court certifies the Class pursuant to Federal Rule of Civil Procedure 23(b)(1) or (b)(3), the Settlement requires notice to be provided to the Class in

accordance with the Preliminary Approval Order and/or any other order from this Court.  *See* **Ex. A** at VI.

The Notice Plan will begin within thirty (30) days after entry of Preliminary Approval (the "Notice Date") and will conclude ninety (90) days thereafter.  *See* **Ex. A** at I.J.; VI.C.  Class Notice will be provided by email to all Class Members whose email addresses are reasonably available to JOOLA. Class Notice will also be published through a Settlement Website established by Kroll and through digital notice including by placements on Defendant's social media, the pickleball blog section of JOOLA's website, and via a comprehensive media notice plan developed by the Settlement Administrator that it designed, in the Settlement Administrator's qualified and expert opinion, to assure notice dissemination to no less than seventy percent (70%) of the settlement class, in addition to the additional notice received by virtue of the other methods described in Section VI.C. of the Settlement Agreement.  *Id.* at VI.C.; *see also* Declaration of Christie K. Reed, **Ex. B**.

In addition to the notices, Kroll will also establish an automated interactive voice recognition telephone system, which also is translated into Spanish, for the purposes of providing information concerning the nature of the Actions, the material terms of the Settlement, and the deadlines and procedures for potential Settlement Class Members to exercise their opt-out and objection rights.  *Id.* at VI.B.d.

The Notice Plan established by the Parties and administered by Kroll is designed to provide members of the Class with important information regarding the Settlement and their rights thereunder.  The Class Notice will: contain a short, plain statement of the background of the Action and the Settlement; describe the Settlement relief; state that any relief to Class Members is contingent on the Court's Final Approval of the Settlement; inform Class Members that Attorneys'

Fees and Expenses and general service payments for Plaintiff Matus and Plaintiff Tomberlin will be requested and, if approved by the Court, will be paid out of Class Counsel's Attorneys' Fees and Expenses; inform Class Members that any Final Judgment entered in the Action, whether favorable or unfavorable to the Class, shall include, and be binding on, all Class Members, even if they have objected to the proposed Settlement and even if they have any other claim, lawsuit or proceeding pending against Defendant; describe the terms of the Release; and contain reference and a hyperlink to a dedicated webpage established by Kroll, which will include relevant documents and information regarding Class Representative's claims against Defendant in the Action. Class Notice will also inform Class Members of their opt-out rights. *See* **Ex. A** at VI.  The Notice Plan provides the best notice practicable and complies with due process and Federal Rule of Civil Procedure 23(c)(2).

### e.  Administration of the Return Program and Settlement Distribution

For a Class Member in either Category 1 or Category 2 to receive Settlement Consideration, Class Members must timely sign and return a Claim Form no later than 90 days after the Notice Date (**Ex. A** at I.J.; VI.B) and must return a valid Gen 3 Paddle to Defendant.  The Settlement Administrator will notify Defendant of an Approved Claim, and Defendant shall, within fourteen (14) days thereafter, provide the Approved Claimant with a FedEx shipping label for the Class Member to take to any FedEx location, where the Class Member will be provided with a shipping container and a shipping label to return the paddle to the Defendant, at no cost to the Class Member. All Costs of Administration, including as related to this return process, will be paid by Defendant.  Defendant has the right to inspect the returned paddles and to object to the return of any paddle if in good faith it deems the paddle to be counterfeit or not a Gen 3 Paddle.

Defendant will deposit sufficient funds to pay all Category 1 Approved Claims in an escrow account created by the Settlement Administrator, and Defendant shall provide all Approved Claimants with gift codes sufficient to satisfy all Category 2 Approved Claims.

  **f. Opt-Out and Objection Procedures**

  In accordance with the opt-out procedures detailed in the Notice and the Settlement, Class Members who do not wish to participate in the Settlement have the right to opt-out up to 90 days after the commencement of the Notice Plan (the "Objection/Exclusion Deadline"). *See* **Ex. A** at VIII.

  The Settlement also provides that any Class Member may object to the Settlement. *Id.* Class Members who wish to object must do so by the Objection/Exclusion Deadline. *Id.*; *see also id.* at I.Y. To object, the Class Member must comply with the procedures and deadlines approved by the Court. Any Class Member who wishes to object to the Settlement must do so in writing, as specified in the Class Notice and any Preliminary Approval Order. The written objection must be filed with the Clerk of Court, and mailed (with the requisite postmark) to Class Counsel and Defendant's Counsel no later than the Objection Deadline. *Id.* The requirements to assert a valid written objection shall be set forth in the Class Notice. *Id.*

  Subject to Court approval, any Class Member who files and serves a written objection may appear, in person or by counsel, at the Final Approval Hearing held by the District Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objecting Class Member: (a) files with the Clerk of the District Court a Notice of Intention to Appear at the Final Approval Hearing by the Objection Deadline; and (b) serves the Notice of Intention to Appear on all counsel designated in the Class Notice by the Objection Deadline. *Id.* The Notice of Intention to Appear must include copies of any papers, exhibits, or

other evidence that the objecting Class Member will present to the District Court in connection with the Final Approval Hearing.  *Id.*

### g.   Release of Claims

Class members who do not timely and validly opt-out of the Settlement will be bound by the terms of the Settlement, including the release and discharge of the Released Claims. The Released Claims include claims that that have been or could have been asserted in the Action related to USAP's approval of the Gen 3 Paddles, and claims pertaining to the purchase of the Gen 3 Paddles.  *See* **Ex. A** at V.

### h.   Attorneys' Fees, Expenses, and General Release Payments

The parties agree that Class Counsel may petition the Court, without objection from Defendant, for an award of Attorneys' Fees and Expenses in an aggregate amount of up to $790,000, which shall be paid by Defendant.  *See* **Ex. A** at IX.  Class Counsel's motion for Attorneys' Fees and Expenses shall be filed no later than fourteen (14) days after the Objection/Exclusion Deadline.  *Id.*

The effectiveness of the Settlement will not be conditioned upon or delayed by the Court's failure to approve any petition by Plaintiffs and Class Counsel for Attorneys' Fees and Expenses. The denial, downward modification, or failure to grant any petition by Plaintiff and Class Counsel for Attorneys' Fees and Expenses shall not constitute grounds for modification or termination of the Settlement proposed herein.  *Id*.

Defendant's payment of Attorneys' Fees and Expenses will not in any way reduce the consideration available to the Settlement Class as described herein.  Class Counsel has also agreed to pay Plaintiff Matus and Plaintiff Tomberlin a service award of $10,000 each, which shall be paid by Class Counsel from any award of Attorneys' Fees and Expenses and will not reduce the

recovery of any Class member.  The Defendant also agrees not to oppose any petition by Class Counsel for Service Awards.  *See* **Ex. A** at X.

**IV.    The Proposed Settlement Should be Preliminarily Approved.**

      **a.    Standards for Preliminary Approval of a Proposed Settlement**

The Eleventh Circuit recognizes the strong public and judicial policy favoring the pretrial settlement of class-action lawsuits.  *See, e.g.*, *In re U.S. Oil & Gas Litig.*, 967 F.2d 489, 493 (11th Cir. 1992) (*citing Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)); *Lee v. Ocwen Loan Servicing, LLC*, No. 14-CV-60649, 2015 WL 5449813 *4 (S.D. Fla. Sep. 14, 2015).  "A class may be certified 'solely for purposes of settlement [if] a settlement is reached before a litigated determination of the class certification issue.'"  *Smith v. Wm. Wrigley Jr. Co.*, No. 09-cv-60646, 2010 WL 2401149 at *3 (citation omitted).

The Rule 23(e) settlement approval procedure has three principal steps: (1) preliminary approval of the proposed settlement; (2) dissemination of notice of the settlement to all affected Class Members; and (3) a final approval determination following a fairness hearing at which Class Members may be heard regarding the settlement, and at which counsel may introduce evidence and present arguments concerning the fairness, adequacy, and reasonableness of the settlement. *See* 4 William B. Rubenstein, Albert Conte & Herbert Newberg, *Newberg on Class Actions* §§ 13:39 *et seq.* (5th ed. 2014).

The threshold for granting preliminary approval is low: a proposed settlement will be preliminarily approved "as long it is 'fair, adequate and reasonable and not the product of collusion between the parties.'"  *Borcea v. Carnival Corp.*, 238 F.R.D. 664, 671-72 (S.D. Fla. 2006) (quoting *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984)).  Thus, preliminary approval of a settlement agreement requires only an "initial evaluation" of the fairness of the proposed

settlement on the basis of the written submissions. *Encarnacion v. J.W. Lee, Inc.*, No. CV 14-61927, 2015 WL 12550747, at *1 (S.D. Fla. June 30, 2015). "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies, and the settlement falls within the range of reason." *In re Checking Account Overdraft Litig.*, 275 F.R.D. 654, 661 (S.D. Fla. 2011) (citation omitted). Public policy favors settlements, particularly where complex class action litigation is concerned. *In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1273 (11th Cir. 2021).

The proposed Settlement here satisfies the standard for preliminary approval because: (1) it is reasonable; (2) it is the product of arm's-length negotiations between the parties; and (3) Class Representative and Class Counsel believes the proposed Class Settlement is in the best interest of the Settlement Class.

### i. The Settlement is Fair, Adequate, and Reasonable.

To grant preliminary approval of the proposed Settlement, the Court need only find that it falls within "the range of reasonableness." Alba Conte et al., *Newberg on Class Actions* § 11.25, at 11–91 (4th ed. 2002); *see also* Manual for Complex Litigation (Fourth) (2004) § 21.632 (characterizing the preliminary approval stage as an "initial evaluation" of the fairness of the proposed settlement made by the court on the basis of written submissions and informal presentation from the settling parties).

As outlined above, the proposed Settlement provides complete monetary relief to all Category 1 Class Members who have Proof of Purchase and return their Gen 3 Paddle to JOOLA. Each Class Member in Category 1 will receive a full refund of $300 per paddle. The highest retail price for a Gen 3 Paddle, to the best of Defendant's knowledge, was $279.95, which means that the $300.00 refund amount is sufficient not only to cover the cost of the paddle (which at times,

was sold for less than $279.95), but also any applicable sales tax. The Proof of Purchase requirement is also very broad. An original receipt showing the purchase of the Gen 3 Paddle is not required; even a credit card, Venmo, or other statement showing a purchase from an authorized retailer that sold the Gen 3 Paddles will be sufficient, so long as the single purchase amount shown is no less than $235.00, which Defendant believes in good faith to be the lowest retail price that any Gen 3 Paddle was offered for sale by any authorized retailer. The Settlement also provides substantial relief to <u>Category 2</u> Class Members who cannot provide Proof of Purchase but nonetheless return a Gen 3 Paddle to JOOLA. Each <u>Category 2</u> Class Member will receive a $150 voucher to be used on JOOLA's website, www.joola.com.

This is a reasonable recovery under any circumstance, but especially in light of the inherent risks of litigation. *See Wilson v. EverBank*, No. 14-CIV-22264, 2016 WL 457011, at *2 (S.D. Fla. Feb. 3, 2016) (approving settlement "providing near-complete relief to class members on a claims-made basis–as extraordinary"). While Class Counsel is confident in the strength of Plaintiff's case, they are also pragmatic of the risks and challenges, including those highlighted by the Hon. Michael Hanzman during mediation. Under the circumstances, and considering the Settlement offers Class Members potential payment of approximately 100% of the value of their claims, Class Counsel determined the Settlement outweighs the risks of continued litigation.

### ii. The Settlement is the Product of Arm's-Length Negotiations.

Where a settlement is the product of arm's-length negotiations conducted by capable and experienced counsel, the court begins its analysis with a presumption that the settlement is fair and reasonable. *See* 4 Newberg § 11.41; *see also Morgan v. Pub. Storage*, 301 F. Supp. 3d 1237, 1247 (S.D. Fla. 2016). Here, the Settlement was reached after informed, extensive arm's-length negotiations with the assistance of an experienced mediator, the Honorable Michael A. Hanzman

(Ret.).  *See Lee v. Ocwen Loan Servicing, LLC,* No. 14-CV-60649, slip op. at 25–26 (S.D. Fla. Sept. 14, 2015) (approving settlement and noting that parties' use of a highly respected mediator supported the conclusion that the settlement was not the product of collusion).  Each party was also individually represented by experienced and sophisticated counsel.

The monetary relief afforded by the Settlement also presents the best possible outcome considering the costs and risks of continued litigation.  Indeed, it affords complete relief to Class Members who have Proof of Purchase and return their paddle.  The Settlement was reached after an investigation into the factual underpinnings of the practices challenged in the action as well as the applicable law and nothing in the course of the negotiations or in the substance of the proposed Settlement presents any reason to doubt the Settlement's fairness.

### iii.   The Recommendation of Experienced Counsel Favors Approval.

In considering a proposed class settlement, "[t]he recommendations of plaintiffs' counsel should be given a presumption of reasonableness."  *In re Blue Cross Blue Shield Antitrust Litig.,* No. 2:13-CV-20000-RDP, 2020 WL 8256366, at *26 (N.D. Ala. Nov. 30, 2020) (unpublished). Here, Class Counsel endorses the Settlement as fair, adequate, and reasonable.

Any settlement requires the parties to balance the merits of the claims and defenses asserted against the attendant risks of continued litigation and delay.  Class Counsel believe that the claims asserted are meritorious and that Plaintiff would prevail if this matter proceeded to trial.  Defendant JOOLA denies liability and believes it would prevail in the litigation on the merits.

Class Counsel have weighed the benefits of the Settlement against the inherent risks and expense of continued litigation, and they strongly believe that the proposed Settlement is fair, reasonable, and adequate.  Class Counsel have extensive experience litigating and settling consumer class actions and other complex matters, including numerous MDLs and class actions

in this district, and have conducted an extensive investigation into the factual and legal issues raised in this action. In Class Counsel's experience and informed judgment, the Settlement represents an excellent recovery and the benefits of the Settlement outweigh the risks and uncertainties of continued litigation, including the risks and time associated with completing a trial and any appellate review. The fact that qualified and well-informed counsel endorse the Settlement as being fair, reasonable, and adequate weighs in favor of approving the Settlement.

**b. Certification of the Proposed Settlement Class is Appropriate.**

For settlement purposes, Plaintiff and Class Counsel respectfully request the Court certify the Settlement Class, as defined in the Settlement, pursuant to Fed. R. Civ. P. 23(a) and (b)(3). The parties agree that for purposes of settlement only that the Settlement Class be defined as follows: All persons residing within the United States who own and have in their possession a Gen 3 Paddle. Persons who accepted JOOLA's prior offer to return their Gen 3 Paddle are not part of the Settlement Class; however, if a Gen 3 Paddle holder has more than one Gen 3 Paddle and did not already return all of their Gen 3 Paddles, such purchaser may still be part of the class as to the remainder of the paddles that were not previously returned. Excluded from the Settlement Class are Defendant and its officers, directors, affiliates, legal representatives, employees, assigns and successors, and Defendant's Authorized Retailers. *See* **Ex. A** at I.FF.

"In deciding whether to provisionally certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class – i.e., all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied . . . ." *Papa v. Grieco Ford Fort Lauderdale, LLC*, No. 18-21897-CIV, 2019 WL 11623985, at *2 (S.D. Fla. Jan. 28, 2019) (citations omitted). The manageability of a potential trial need not be addressed because if the Settlement is approved, the need for a trial would be eliminated. *Id.* Here, the Rule 23(a) and

16

(b)(3) requirements are met.  Certification of the proposed Settlement Class will allow notice of the Settlement to issue to inform Settlement Class members of the existence and terms of the Settlement, of their right to opt-out, of their right to object and be heard on its fairness, and of the date, time, and place of the Final Approval Hearing.  *See* Manual for Compl. Lit., Fourth, at §§ 21.632, 21.633 (2004).  For the reasons set forth below, certification is appropriate.

### i.   Rule 23(a) is Satisfied.

### 1.   The Settlement Class is Too Numerous to Permit Joinder.

A case may be certified as a class action only if "the class is so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  While there is no fixed rule, numerosity is generally presumed when the potential number of class members reaches forty.  *Kilgo v. Bowman Trans.*, 789 F.2d 859, 878 (11th Cir. 1986) (numerosity satisfied where plaintiffs identified at least 31 class members "from a wide geographical area"); *Cnty. of Monroe, Fla. v. Priceline.com, Inc*., 265 F.R.D. 659, 667 (S.D. Fla. 2010) (*citing* Newberg & Conte, Newberg on Class Actions, § 3.5 at 247 (4th ed.2002) ("as few as 40 class members should raise a presumption that joinder is impracticable and the plaintiff whose class is that large or larger should meet the test of Rule 23(a)(1) on that fact alone")).  Here, numerosity is readily satisfied.  The total number of outstanding Gen 3 Paddles purchased by Class Members is estimated to be over 17,000 based on JOOLA's records.

### 2.   This Action Presents Common Questions of Law or Fact.

Rule 23(a)(2) requires that there be one or more questions common to the class.  *WalMart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2556 (2011).  Plaintiffs need only show the existence of a common question of law or fact that is significant and capable of class-wide resolution.  *In re Fla. Cement & Concrete Antitrust Litig.,* No. 09-23187-CIV, 2012 WL 27668, at *3 (S.D. Fla. Jan. 3,

2012) (unpublished).  Here commonality is present, as the crux of the claims—whether JOOLA misrepresented whether the Gen 3 Paddles had USAP's approval—is the same for all members of the Class.  All Class Members were exposed to the same alleged misrepresentation and each Class Member suffered the same alleged injury, i.e., they purchased a paddle represented to have USAP's Approval that did not.

### 3.   Class Representative's Claims are Typical.

Rule 23(a)(3) requires that "the claims and defenses of the representative parties are typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3).  "The typicality requirement is met if the claims of the named plaintiffs 'stem from the same event, practice, or course of conduct that forms the basis of the class claims and are based upon the same legal or remedial theory.'"  *Gibbs Properties Corp. v. CIGNA Corp.*, 196 F.R.D. 430, 435 (M.D. Fla. 2000) (*quoting Walco Invs., Inc. v. Thenen*, 168 F.R.D. 315, 326 (S.D. Fla. 1996)).  "The key inquiry in determining whether a proposed class has 'typicality' is whether the class representative is part of the class and possesses the same interest and suffers the same injury as the class members."  *Medine v. Washington Mut., FA,* 185 F.R.D. 366, 369 (S.D. Fla. 1998).  Here, the Class Representative's claims stem from the same common course of conduct as the claims of the Class Members.  The Plaintiff alleged that JOOLA misrepresented whether it had USAP's approval to sell the Gen 3 Paddles to all members of the Class.  This common course of conduct, the Plaintiff alleged, resulted in injury to all Class Members whom Plaintiff alleges were effectively not able to use the Gen 3 Paddles once JOOLA's deception was uncovered.  Any relief achieved also applies to the Class Representative and Class Members equally.

### 4.   Class Representative Matus and Class Counsel Will Fairly and Adequately Protect the Interests of the Settlement Class Members.

Rule 23(a)(4) requires that the class representative "fairly and adequately" protect the interests of the class.  The two-prong test for determining adequacy is: "(1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action."  *Valley Drug Co. v. Geneva Pharmaceuticals, Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003).  Both prongs are satisfied here.  First, Class Representative and the Settlement Class Members are equally interested in recovering monetary damages for their Gen 3 Paddles.  Accordingly, the Class Representative will fairly and adequately protect the interests of all Settlement Class Members.  Second, Class Counsel have extensive experience litigating and settling class actions, including consumer protection cases throughout the United States.  Class Counsel are well-qualified to represent the Settlement Class.  Copies of Class Counsel's Resumes are attached hereto as Composite **Exhibit C, D, and E**.

### ii.  The Requirements of Rule 23(b)(3) are Satisfied.

The proposed Settlement Class also satisfies Rule 23(b)(3), which permits a class action if the Court finds that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  The claims asserted against the Defendant involve common issues of law and fact that predominate over any individual issues.  Liability could be proven on a class-wide basis with common proof that, e.g., (1) the Subject Paddles were not approved by USAP; and (2) JOOLA's representations that the Subject Paddles were approved by USAP would deceive or mislead an objectively reasonable consumer.  There is also no question that all purchasers received the very same alleged misrepresentation since it was imprinted on the packaging and on the Subject Paddles themselves.  *See, e.g., Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 981 (11th Cir. 2016) (affirming class

certification of Florida state class of consumers who alleged that defendant sold cars with inaccurate safety information displayed on the windshield in violation of FDUTPA).

Rule 23(b)(3)'s other requirement is that class resolution must be "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The purpose of the superiority requirement is consistent with the overall goals of Rule 23, which is to assure that the class action is the most efficient, effective, and economic means of settling the controversy. *Walco Invs., Inc. v. Thenen*, 168 F.R.D. 315, 337 (S.D. Fla. 1996). That is the case here, where the Settlement obviates the need for potentially multiple trials with respect to several issues, including causation and damages. Further, the relatively low amounts at issue for each individual Class Member supports a finding of superiority.

## V.   The Proposed Notice to the Class Should be Approved.

Should the Court grant preliminary approval, it must also "direct notice in a reasonable manner to all class members who would be bound by the proposal. . . ." Fed. R. Civ. P. 23(e)(1)(B). Notice should be the best notice practicable under the circumstances. Fed. R. Civ. P. 23(c)(2)(B); *see also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985) (same). It is not only necessary that the notice reach the parties affected, but also that it conveys the required information, including adequately describing the substantive claims and information reasonably necessary to decide to remain a class member and be bound by the final judgment. *See Adams v. Southern Farm Bureau Life Ins. Co.*, 493 F.3d 1276, 1286 (11th Cir. 2007).

Notice will be provided by email to any Class Members whose email addresses are reasonable available to Class Counsel. Notice will also be displayed throughout the Claims Period prominently on the pickleball blog section of Defendant's website, www.joola.com, and JOOLA will also make multiple posts on each of its own authorized Facebook and Instagram pages. In

20

addition, the qualified and experienced Claim Administrator has devised a media notice plan that includes significant electronic banner posts and notifications via Facebook® and other social media where pickleball enthusiasts and popular pickleball forums exists, with such advertisements targeted to the pickleball community.  Notice will also be published on a Settlement Website established by the Settlement Administrator.  The Notice Plan in the Settlement provides the best notice practicable under the circumstances and is intentionally targeted to reach consumers who purchased the Gen 3 Paddles by targeting websites, blogs, and social media prominently used by the pickleball community.  *See* **Ex. A** at VI.C.

Pursuant to the notice provisions of the Class Actions Fairness Act, 28 U.S.C. § 1715, within ten (10) days after this Agreement is deemed filed with the Court, the Defendant or Settlement Administrator will provide notice of these Actions and this Agreement to the appropriate federal and state entities.  *See* **Ex. A** at VI.G.

    **a.   Summary of Notice Plan**

       **i.  Notice**

At a time directed by the Court as outlined above, the Parties will send, or cause to be sent by email, a Class Notice to each Class Member whose email is reasonably ascertainable by Class Counsel, in a form to be approved by the Court, that:

1.  contains a short, plain statement of the background of the Action and the Settlement;

2.  describes the settlement relief provided by the Settlement and outlined in this Motion;

3.  states that any relief to Class Members is contingent on the Court's final approval;

4.  informs Class Members that attorneys' fees, expenses, and class representative general release payments will be requested at a later time and, if approved by the Court, will be paid by Defendant;

5. informs Class Members of their right to opt-out of the Settlement or object to the Settlement and discloses the time of the Fairness Hearing;

6. describes the terms of the Release; and

7. contains reference and a hyperlink to a dedicated webpage established by Kroll, which will include relevant documents and information regarding the Class Representative's claims against Defendant in the Action.

*See* **Ex. A** at VI.B.

A copy of the proposed Long Form Notice is attached as **Exhibit F**. As described above, the Settlement Administrator will also publish the Notice on JOOLA's website and JOOLA's social media. *See* **Ex. A** at VI.C; **Ex. F** at 12-13.

### ii.  Settlement Website

Kroll will also develop and deploy the informational case-specific website where Class Members may obtain more information about the settlement. *See* **Ex. A** at VI.D. The case website would have an easy-to-navigate design that will be formatted to emphasize important information and deadlines and will provide links to important case documents, including a Long Form Notice. *Id.* The settlement website would be prominently displayed in all printed notice documents and accessible through the email and digital notices. *Id.* The settlement website would also be ADA-compliant and optimized for mobile visitors so that information loads quickly on mobile devices. *Id.* It will be designed to maximize search engine optimization through Google and other search engines. *Id.*

### b.  The Notice Plan Meets All Requirements

The Class's proposed Notice Plan satisfies the fairness standards set forth in Rule 23. The proposed notice in the Settlement is the best practicable under the circumstances. The notices are

reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, the terms of the Settlement, their rights to opt-out of the Settlement Class and object to the Settlement, Class Counsel's Fee Application, and/or a request for general release payments.  *See In re Checking Acct. Overdraft Litig.*, 275 F.R.D. 654, 662 (S.D. Fla. 2011). The notice presents all required categories of information clearly and in plain English.  *See Adams*, 493 F.3d at 1286.  The notice is therefore substantively sufficient.

## VI.   Proposed Schedule of Events and Conclusion

In connection with Preliminary Approval, the Court should also set the Final Approval Hearing date and time.  Other deadlines in the approval process, including the deadlines for opting out from the Settlement Class or objecting to the Settlement, will be determined based on the original Final Approval Hearing date.  Class Counsel propose the following schedule:

| | |
|---|---|
| Notice Plan Begins ("Notice Date") | No later than 30 days after Preliminary Approval |
| Notice Plan Ends | 90 Days after the Notice Date |
| Deadline for Class Members to Opt-Out of the Settlement | 90 Days after the Notice Date ("Objection Deadline/Exclusion") |
| Deadline to Class Members to Object to the Settlement | 90 Days after the Notice Date |
| Deadline to Submit Claims Forms | 90 Days after the Notice Date |
| Deadline for Class Counsel to file their Motion for Final Approval of the Settlement, including Class Counsel's Application for Attorneys' Fees and Costs | 14 Days after the Objection/Exclusion Deadline |
| Final Approval Hearing | _____, ___ _____ |

Based on the foregoing, Plaintiff and Class Counsel respectfully request that the Court do the following: (1) grant preliminary approval of the Settlement; (2) grant preliminary approval of the Proposed Settlement Class; (3) appoint Class Representative Matus as Rule 23(c) class representative; (4) appoint Tyler Ulrich and Sigrid McCawley of Boies Schiller Flexner LLP, Brad Edwards of Edwards Henderson, and Hallie Von Rock of Aiman-Smith & Marcy as Co-Lead Class

Counsel pursuant to Fed. R. Civ. P. 23(c)(1)(B) and 23(g); (5) approve the proposed Notice Plan

pursuant to Fed. R. Civ. P. 23(e); (6) appoint Kroll as Settlement Administrator; (7) continue to

stay this Action; and (8) schedule a date and time for the Final Approval Hearing.  A proposed

Preliminary Approval Order is attached hereto as **Exhibit G**.


Dated: May 5, 2025                      Respectfully submitted,

                                        By: */s/ Tyler E. Ulrich*
                                        Tyler Ulrich
                                        Boies Schiller Flexner LLP
                                        100 SE 2nd Street, Suite 2800
                                        Miami, Florida 33131
                                        Telephone: (305) 539-8400
                                        Email: tulrich@bsfllp.com

                                        Sigrid McCawley
                                        Boies Schiller Flexner LLP
                                        401 E. Las Olas Blvd. Suite 1200
                                        Fort Lauderdale, FL 33316
                                        Telephone: (954) 356-0011
                                        E-mail: smccawley@bsfllp.com

                                        Brittany N. Henderson
                                        Bradley J. Edwards
                                        Edwards Henderson Law Firm
                                        425 N. Andrews Ave., Suite 2
                                        Fort Lauderdale, FL 33301
                                        Telephone: (954) 524-2820
                                        Email: brad@cvlf.com
                                        brittany@cvlf.com
                                        ecf@cvlf.com

                                        Hallie Van Rock
                                        Aiman-Smith & Marcy
                                        7677 Oakport Street, Suite 1000
                                        Oakland, CA 94621
                                        Telephone: (510) 519-1018
                                        Email: hvr@asmlawyers.com