# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

|  |  |  |
|---|---|---|
| Greg Matus, *on behalf of himself and all others similarly situated*, | : | |
| | : | |
| | : | |
| Plaintiff, | : | **Case No. 24-cv-60954-DSL** |
| vs. | : | |
| | : | |
| Sport Squad, Inc. d/b/a JOOLA, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made and entered into by and between the following parties on May 5, 2025: Plaintiffs Greg Matus and John Michael Tomberlin (collectively, "Plaintiffs"), on the one hand, and Sport Squad, Inc. d/b/a JOOLA ("Defendant" or "JOOLA") (collectively, the "Parties"), on the other hand, in the Actions entitled *Matus v. Sport Squad, Inc. d/b/a/ JOOLA*, Case No. 24-cv-60954-DSL and pending in United States District Court for the Southern District of Florida (the "District Court") and *Tomberlin v. Sport Squad Inc.*, Case No. 5:24-cv-1158-MWC (SPx) and pending in the Central District of California (the "Actions").

### I.      DEFINITIONS

As used in this Agreement and all related documents, the following terms have the following meanings:

A.      "Actions" means the lawsuit captioned *Matus v. Sport Squad, Inc. d/b/a/ JOOLA*, Case No. 24-cv-60954-DSL pending in United States District Court for the Southern District of Florida and the lawsuit captioned *Tomberlin v. Sport Squad Inc.*, Case No. 5:24-cv-1158-MWC (SPx) pending in the United States district Court for the Central District of California.

B.      "Agreement" means this Settlement Agreement and Release and the exhibits attached hereto or incorporated herein, including any amendments subsequently agreed to by the Parties.

C.      "Approved Claim" has the meaning ascribed to it in Section VII.B of this Agreement.

D.      "Approved Claimant" means a Claimant who has submitted an Approved Claim.

1

E.      "Attorneys' Fees and Expenses" means such aggregate funds as may be awarded by the Court to compensate Class Counsel (and any other past, present, or future attorneys for Plaintiffs or the Settlement Class in this Actions) for all of the past, present, and future attorneys' fees, costs (including court costs), expenses, and disbursements collectively and individually by any and all of them, their investigators, experts, staff, and consultants combined in connection with the Actions. In no case shall such Attorneys' Fees and Expenses exceed the total sum of Seven Hundred Ninety Thousand United States Dollars ($790,000.00).

F.      "Authorized Retailer(s)" means the entities or retailers who were authorized by JOOLA to sell Gen 3 Paddles in the United States.  Authorized Retailers shall be identified in a confidential list from JOOLA that shall be provided to Class Counsel and to the Settlement Administrator at a minimum of ten (10) days prior to the date that Class Notice is sent.  The list of Authorized Retailers shall be designated "Confidential Attorney Eyes Only" pursuant to the Confidentiality Stipulation and Protective Order entered by the Court at ECF No. 047, such that the list shall be provided only to those individuals expressly authorized in that Court Order. Within fourteen (14) days after the entry of the Final Judgment, Class Counsel and the Settlement Administrator shall destroy all copies of the Authorized Retailers list and any records or lists created from the Authorized Retailers list, and provide a certificate of destruction to Defendant's counsel.

G.      "California Class Action" means *Tomberlin v. Sport Squad Inc.*, Case No. 5:24-cv-1158 (C.D. Cal.), filed on May 31, 2024.

H.      "Claim" means a claim for settlement benefits made by a Claimant.

I.      "Claimant" means a Settlement Class Member who submits a Claim.

J.      "Claims Deadline" means ninety (90) days after the Notice Date.

K.      "Claim Form" means the form drafted by the Settlement Administrator and approved by the Parties to be utilized by the Settlement Class to submit a Claim under the Settlement on or before the Claims Deadline. The Claim Form may be adjusted in a ministerial and non-substantive manner by the Settlement Administrator, respectively, in consultation and agreement with the Parties, as may be reasonable.

L.      "Class Actions" means the California Class Action and the Florida Class Action.

M.      "Class Counsel" means Boies Schiller Flexner LLP, Edwards Henderson PLLC, and Aiman-Smith & Marcy, PC.

N.      "Class Notice" means notice of the proposed settlement to be provided to Settlement Class Members under Section VI.B. of the Agreement, which will be agreed to by the Parties and submitted to the Court for approval.

O.      "Class Representative" means Plaintiff Greg Matus.

P.      "Costs of Administration" means the reasonable and necessary costs incurred by

2

the Settlement Administrator to provide notice and advertising of the Settlement and this Agreement to the Settlement Class, as set forth in Section VII.E. of this Agreement, establishing and maintaining the Settlement Website and the automated interactive voice response telephone system, responding to Settlement Class Member inquiries, and related work administering the Settlement. Costs of Administration also includes all costs related to shipping of boxes to Settlement Class Members and return postage necessary for Class Members to return the Gen 3 Paddles. Costs of Administration also includes the reasonable fees and expenses incurred by the Settlement Administrator in performing all of the tasks for which the Settlement Administrator is retained.

Q.      "Court" or "District Court" means the United States District Court for the Southern District of Florida, Fort Lauderdale Division, the Honorable David S. Leibowitz presiding, or any other judge of this Court who shall succeed him as the Judge assigned to this Action.

R.      "Defendant" means Sport Squad, Inc. d/b/a/ JOOLA named as Defendant in the Actions.

S.      "Effective Date" means (a) if no objection is raised to the proposed settlement at the Final Approval Hearing, the date on which a Final Judgment is entered; or (b) if any objections are raised to the proposed settlement at the Final Approval Hearing and not withdrawn prior to the Final Judgment, the "Effective Date" shall mean the latest of (i) the expiration date of the time for filing or notice of any appeal from the Final Judgment, (ii) the date of final affirmance of any appeal of the Final Judgment, (iii) the expiration of the time for, or the denial of, a petition for writ of certiorari to review the Final Judgment and, if certiorari is granted, the date of final affirmance of the Final Judgment following review pursuant to that grant; or (iv) the date of final dismissal of any appeal from the Final Judgment or the final dismissal of any proceeding on certiorari to review the Final Judgment.

T.      "Final Approval Hearing" means the hearing at or after which the District Court will make a final decision whether to approve this Agreement and the Settlement set forth herein as fair, reasonable, and adequate and entry by the District Court of a Final Judgment and any order thereon.

U.      "Final Judgment" means the judgment and any accompanying order the District Court enters, finally approving the Class Settlement.

V.      "Florida Class Action" means *Matus v. Sport Squad, Inc.*, Case No. 0:24-cv-60954 (S.D. Fla.), filed on June 5, 2024.

W.      "Gen 3 Paddle(s)" means all of JOOLA's Gen 3 Paddles advertised and/or sold to consumers under the names: Tyson McGuffin Magnus 3 14mm, Tyson McGuffin Magnus 3 16mm, Collin Johns Scorpeus 3 16mm, Anna Bright Scorpeus 3 14mm, Simone Jardim Hyperion 3 16mm, Ben Johns Hyperion 3 16mm, Ben Johns Hyperion 3 14mm, Ben Johns Perseus 3 14mm, or Ben Johns Perseus 3 16mm.

X.      "Notice Date" means the date notice is first provided to Class Members as set forth

3

in Section VI.A of this Agreement.

Y.      "Objection/Exclusion Deadline" means the date ninety (90) days after the Notice Date.

Z.      "Parties" means Plaintiff Greg Matus, Plaintiff John Michael Tomberlin, and Defendant JOOLA.

AA.     "Plaintiffs" means Greg Matus and John Michael Tomberlin.

BB.     "Preliminary Approval" means the date the District Court preliminarily approves the terms and conditions of this Agreement.

CC.     "Operative Complaint" means the Amended Class Action Complaint filed in the Florida Class Action, which is ECF Document No. 18.

DD.     "Original Purchase" means purchase of a Gen 3 Paddle from JOOLA or any of its Authorized Retailers in the United States.

EE.     "Settlement Administrator" means the entity selected by the Parties to help implement the distribution of the Class Notice as set forth in Section VI of this Agreement, host the Settlement Website and automated interactive voice recognition telephone system, facilitate Class Members' returns of Gen 3 Paddles, distribute Individual Allocations to Settlement Class Members, and aid in fulfilling the related requirements set forth in this Agreement. Class Counsel will seek the Court's approval of the Settlement Administrator in connection with the preliminary approval of this Agreement and Settlement.

FF.     "Settlement Class" means all persons residing within the United States who own and have in their possession a Gen 3 Paddle.  Persons who accepted JOOLA's prior offer to return their Gen 3 Paddle are not part of the Settlement Class; however, if a Gen 3 Paddle holder has more than one Gen 3 Paddle and did not already return all of their Gen 3 Paddles, such purchaser is still a member of the class as to the remainder of the Gen 3 Paddles that were not previously returned. Excluded from the Settlement Class are Defendant and its officers, directors, affiliates, legal representatives, employees, assigns and successors, and Defendant's Authorized Retailers.

GG.     "Settlement Class Member" means any member of the Settlement Class.

HH.     "Settlement Consideration" means the consideration set forth in Section IV of this Agreement, together with all of the requirements and obligations in this Agreement that are preconditions to receiving such consideration.

II.     "USAP" means USA Pickleball Association.

## II. BACKGROUND

A.      The Class Actions each alleged that JOOLA's Gen 3 Paddles were falsely and

misleadingly advertised as being USAP approved, which claims JOOLA denied. JOOLA filed Third-Party Complaints against USAP in both Class Actions, seeking indemnification and contribution from USAP.

      B.     The Third-Party Complaints by JOOLA against USAP in both Class Actions are stayed. The Parties hereto acknowledge and agree that USAP is not a party to or a third party beneficiary of this Settlement Agreement, and that in entering into this Agreement, JOOLA is not releasing, waiving, or otherwise compromising any claims or potential claims that it has or may have against USAP.

      C.     Class Counsel represents that it has conducted a thorough investigation into the facts and law surrounding the Actions. Based on Class Counsel's investigation, the current state of the law, the status of the Actions, and the expense, burden, and time necessary to prosecute the Actions through trial and possible appeals, the risks and uncertainty of further prosecution of this Actions considering the defenses at issue, the contested legal and factual issues involved, and the relative benefits to be conferred upon Plaintiffs and the Settlement Class Members pursuant to this Agreement, Class Counsel has concluded that a settlement with Defendant on the terms set forth herein is fair, reasonable, adequate, and in the best interests of the Settlement Class in light of all known facts and circumstances

      D.     Counsel for the Parties engaged in mediation before the Honorable Michael A. Hanzman over two days in February 2025.  All Parties were represented by Counsel. The result was a settlement of the Actions in their entirety, culminating with this Agreement.

      E.     Defendant and Defendant's counsel recognize the expense and length of continued proceedings necessary to continue the Actions through trial and through possible appeals. Defendant also recognizes that the expense and time spent pursuing these Actions has and will further detract from resources that may be used to reimburse Class Members for their damages. While Defendant denies any wrongdoing or liability arising out of any of the facts or conduct alleged in the Actions and believes that it possesses valid defenses to Plaintiffs' claims, Defendant has determined that the settlement is fair, adequate, and reasonable.

      F.     The Parties agree that time is of the essence with respect to all deadlines set forth herein.

## III. CERTIFICATION

      A.     <u>Certification of the Class</u>: For settlement purposes only, and without any finding or admission of any wrongdoing or fault by Defendant, and solely pursuant to the terms of this Agreement, the Parties consent to and agree to the establishment of a conditional certification of the nationwide Settlement Class pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2). Gregory Matus will serve as class representative plaintiff and Boies Schiller Flexner LLP, Edwards Henderson PLLC, and Aiman-Smith & Marcy, PC will serve as Co-Lead Class Counsel.

      B.     <u>Certification is Conditional</u>: This certification is for settlement purposes only and is conditional on the District Court's approval of this Agreement. In the event the District Court does not approve all terms of the Agreement, then certification of the Settlement Class shall be

void and this Agreement and all orders entered in connection therewith, including but not limited to any order conditionally certifying the Settlement Class, shall become null and void and shall be of no further force and effect and shall not be used or referred to for any purposes whatsoever in the Actions or in any other case or controversy. And, in such an event, this Agreement and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all parties hereto, who shall be restored to their respective positions as of the date of this Agreement, and Defendant shall not be deemed to have waived any opposition or defenses it has to any aspect of the claims asserted herein or to whether those claims are amenable to class-based treatment.

## IV. SETTLEMENT CONSIDERATION

In consideration of the mutual covenants and promises set forth herein, and subject to District Court approval, the Parties agree that there shall be two Categories of Settlement Class Members who shall receive the following Settlement Consideration:

A.  Category 1: Participating Settlement Class Members who timely submit: (1) a completed Claim Form to the Settlement Administrator by the Claims Deadline; (2) proof of Original Purchase from an Authorized Retailer to the Settlement Administrator by the Claims Deadline; and (3) a genuine and complete Gen 3 Paddle to Defendant using the envelope and affixed, prepaid label provided by the Settlement Administrator within 30 days of becoming an "Approved Claimant" as defined in Section I.D., shall be refunded $300.00 no later than thirty (30) days after the Effective Date.  Proof of Original Purchase may be any of the following: (i) a receipt from an Authorized Retailer that is dated between April 16, 2024, and December 31, 2024 (the "Class Purchase Period"); (ii) an online, email or in-app purchase confirmation from an Authorized Retailer made within the Class Purchase Period and that exceeds $235 in a single transaction; (iii) a credit card statement that includes a purchase from an Authorized Retailer made within the Class Purchase Period and that exceeds $235 in a single transaction; or (iv) Zelle, Venmo or other electronic payment record evidencing a purchase from an Authorized Retailer that occurred within the Class Purchase Period and that exceeds $235 in a single transaction. Participating Class Members in Category 1 shall be paid their Settlement Consideration by the Settlement Administrator by electronic method established by the Settlement Administrator or by check, whichever is in the best judgment of the Settlement Administrator and as may be requested by an Approved Claimant.  All settlement checks shall be void 90 days after issuance and shall bear the language: "This check must be cashed within 90 days, after which time it is void." Electronic payments shall be void after six months. Electronic payments and checks shall indicate the unique identifier for the Claim being paid.

B.  Category 2: Participating Settlement Class Members who timely submit (1) a completed Claim Form to the Settlement Administrator by the Claims Deadline and (2) a genuine and complete Gen 3 Paddle to Defendant using the box and prepaid label provided by JOOLA within 30 days of becoming an "Approved Claimant" as defined in Section I.D., shall receive a $150.00 one-time gift code to be used on www.joola.com, to be provided by JOOLA no later than thirty (30) days after the

Effective Date. All vouchers shall be valid until the later of December 31, 2026 or one year after the date of Final Judgment.

## V. RELEASE AND DISMISSALS

A.  The Plaintiffs and each member of the Settlement Class, by operation of the Final Judgment, on his, her, its, or their own behalf and on behalf of his, her, its, or their predecessors, successors, assigns, assignors, representatives, attorneys, agents, trustees, insurers, heirs, next of kin, estates, beneficiaries, executors, administrators, and any natural, legal, or juridical person or entity that is entitled to assert any claim on behalf of any Settlement Class member, hereby does agree to release, remise, and forever discharge Defendant and its insurers, affiliates, successors, executors, assigns, shareholders, members, current and former officers, directors, employees, attorneys and agents (the "Released Parties") from all past and present claims, counterclaims, crossclaims, lawsuits, demands, damages, property damages, economic damages, legal fees, costs and expenses, rights, causes of actions, liabilities, suits, judgments, debts, dues, promises, contracts, agreements, sums of money seeking damages, or other legal or equitable relief of whatever kind or nature, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or contingent, asserted or unasserted, from the beginning of the world through the date of the approval of settlement by Final Order and Judgment, arising out of or in any way related, directly or indirectly, to the purchase or use (as such use relates to USAP approval) of a Gen 3 Paddle, including without limitation USAP's approval of the Gen 3 Paddles or any claims that were brought or that could have been brought against any of the Released Parties in the Actions.

B.  The Parties agree that promptly after the Effective Date, they will file a consent motion to dismiss without prejudice JOOLA's Third-Party Complaint against USAP filed in the Florida Class Action, and a consent motion to dismiss with prejudice Plaintiff Tomberlin's claims in the California Class Action, and a consent motion to dismiss without prejudice JOOLA's Third-Party Complaint against USAP filed in the California Class Action.

## VI. NOTICE TO THE SETTLEMENT CLASS

A.  <u>Draft Notice</u>. Class Counsel shall prepare an initial draft Class Notice for Defendant's review, proposed edit, and approval. Such draft Class Notice shall contain a description of the Settlement Agreement and afford affected parties the opportunity to obtain copies of all the settlement-related papers. The Class Notice shall be the legal notice to be provided to the Settlement Class Members, and shall otherwise comply with Federal Rule of Civil Procedure 23 and any other applicable statutes, laws, and rules, including, but not limited to, the Due Process Clause of the United States Constitution. Unless otherwise ordered by the Court, the Class Notice also shall contain the information required by Section VI.B., below. The Notice shall be distributed in accordance with item VI.C., below. It is the Parties' intent that they will reach an agreement on the form and substance of the Class Notice prior to submission to the Court, and that if they cannot reach an agreement

7

on all terms of the proposed Class Notice, they will present their disagreement to the Hon. Michael A. Hanzman for resolution at or prior to the date the Court gives Preliminary Approval.

B.    <u>Class Notice Contents</u>.  The Class Notice shall contain the following information:

   1.   The Class Notice shall advise the Potential Settlement Class Members of the following:

        a.   <u>General Terms</u>. The Class Notice shall contain a plain, neutral, objective, and concise summary description of the nature of the Actions and the terms of the proposed Settlement, including all relief that will be provided by the Defendant to the Settlement Class in the Settlement, as set forth in this Agreement. This description shall also disclose, among other things, that (a) any relief to Settlement Class Members offered by the Settlement is contingent upon the Court's approval of the Settlement, which will not become effective until the Effective Date; (b) Class Counsel and Plaintiffs have reserved the right to petition the Court for an award of Attorneys' Fees and Expenses of $790,000 to be paid by Defendant and which shall not affect Class Members' rights to monetary relief from the Settlement.

        b.   <u>The Settlement Class</u>. The Class Notice shall define the Settlement and shall disclose that the Settlement Class has been provisionally certified for purposes of settlement only.

        c.   <u>Claim Form Deadlines</u>.  The Class Notice shall specify the Claims Deadline and will explain to Settlement Class Members where and how to file a Claim.

        d.   <u>Opt-Out Rights</u>. The Class Notice shall inform the Settlement Class Members of their right to seek exclusion from the Settlement Class and the Settlement and provide the deadlines and procedures for exercising this right.

        e.   <u>Objection to Settlement</u>. The Class Notice shall inform Settlement Class Members of their right to object to the proposed Settlement and to appear at the Fairness Hearing (described in subpart VI.B.1.f. below) and provide the deadlines and procedures for exercising these rights.

        f.   <u>Fairness Hearing</u>. The Class Notice shall disclose the date and time of the Fairness Hearing and explain that the Fairness Hearing may be rescheduled without further notice to the Settlement Class.

g. <u>Release</u>. The Class Notice shall summarize or recite the proposed terms of the Release contemplated by this Agreement.

h. <u>Further information</u>. The Class Notice shall disclose where Settlement Class Members may direct written or oral inquiries regarding the Settlement and where they may obtain additional information about the Actions, including instructions on how Settlement Class Members can access the case docket using PACER or in person at any of the court's locations.

C. <u>Service</u>. The Settlement Administrator shall serve the Class Notice no later than thirty days after entry of the Preliminary Approval Order, which service shall be via publication to a dedicated website created and maintained for this Settlement and via email to any Class Members whose email addresses are reasonably available to Class Counsel.  Reminder emails shall be served 30 and 60 days thereafter.  Notice shall also be displayed throughout the Claims Period prominently on the pickleball blog section of JOOLA's website, www.joola.com, and JOOLA shall make two posts on each of its authorized Facebook and Instagram pages with the first post made at or around the time of Preliminary Approval of the Settlement and the second post made approximately forty-five days subsequently. The Settlement Administrator shall also create and implement a media plan that, in the Settlement Administrator's qualified opinion is sufficient to reach a minimum of seventy percent (70%) of the Settlement Class, not including the additional members of the Settlement Class that may be reached through the additional notice requirements established in this subsection.

D. <u>Settlement Website</u>. The Parties shall cause the Settlement Administrator to establish a Settlement Website, which website address shall be included and disclosed in the Class Notice, and which will inform potential Settlement Class Members of the terms of this Agreement, their rights, dates, deadlines, and related information. The Settlement Website shall include, in .pdf format, a copy of the Operative Complaint, this Agreement and its exhibits, any Preliminary Approval Order entered by the Court, and a copy of the Class Notice, along with such other information as the Court may designate or that the Parties agree to post there. The Settlement Website will be operational and live by the date the Settlement Administrator serves the Class Notice pursuant to Section VI.C. A Spanish-language translation of the Class Notice shall be placed on the Settlement Website by the Settlement Administrator at the time the Settlement Website becomes operational and live. The Spanish-language translation shall be created by a federally certified translator. However, in the case of conflict, the English language version of the Class Notice shall control.

E. <u>IVR Calling Line</u>. The Parties shall cause the Settlement Administrator to establish an automated interactive voice recognition telephone system for the purposes of providing information concerning the nature of the Actions, the material terms of the Settlement, and the deadlines and procedures for potential Settlement Class Members to exercise their opt-out and objection rights. The Class Notice and

Settlement Website shall include and disclose the telephone number of this automated interactive voice recognition telephone system.

F.    <u>Internet Advertising</u>. The Parties shall cause the Settlement Administrator to make advertisements on the internet for the purpose of alerting Settlement Class Members to the Settlement Website, in a form recommended by the Settlement Administrator and mutually acceptable to the Parties.

G.    <u>Notice to Appropriate Federal and State Officials</u>. Pursuant to the notice provisions of the Class Actions Fairness Act, 28 U.S.C. § 1715, within ten (10) days after this Agreement is deemed filed with the Court, the Defendant or Settlement Administrator will provide notice of these Actions and this Agreement to the appropriate federal and state entities.

H.    Not later than ten (10) days before the date of the Fairness Hearing, the Settlement Administrator, and to the extent necessary the Parties, shall file with the Court a declaration or declarations, based on the personal knowledge of the declarant(s), verifying compliance with these class-wide notice procedures.

## VII. SETTLEMENT ADMINISTRATION

A.    All Claim Forms shall be submitted by a Claimant to the Settlement Administrator. Claim Forms submitted electronically shall be submitted on or before the Claims Deadline.  Claim Forms submitted by mail or other delivery service (UPS, FedEx, etc.) shall be postmarked or placed in the possession of the delivery service on or before the Claims Deadline. A Claimant who has more than one Gen 3 Paddle that the Claimant wishes to return shall complete and submit a separate Claim Form for each paddle.

B.    The Settlement Administrator shall, promptly upon receipt of a Claim Form, assign that Claim a unique identifier number or code, and make an initial determination of the following: (i) whether the submitted Claim Form is the Court-approved Claim Form; (ii) whether the Claim Form was submitted or postmarked on or before the deadlines established in Section VII.A above; (iii) whether all information required by Claim Form is completed in its entirety; and (iv) whether the Claimant meets all of the requirements of Category 1 or Category 2 set forth in Section IV, above (other than the physical submission of a Gen 3 Paddle).  Notarization of Claims Forms is not required. If all four requirements are satisfied, then the Settlement Administrator shall approve the Claim Form and the Claimant who submitted the approved Claim Form shall be deemed thereafter to have submitted an "Approved Claim."

C.    The Settlement Administrator shall reject and deny every Claim Form that: (i) is not submitted on or before the deadlines established by Section VII.A. above; or (ii) establishes that the Claimant does not meet all requirements of either Category 1 or Category 2 as stated in Section IV, above (other than the physical submission

of a Gen 3 Paddle). The requirements of Category 1 and Category 2 in Section IV may not be waived or modified by the Settlement Administrator.

D.     Should the Settlement Administrator determine that a timely-submitted Claim Form is incomplete, the Settlement Administrator shall, within 10 days of making such a determination, notify the Claimant of such deficiency and that Claimant shall have 21 days to cure the deficiency by providing a fully completed Claim Form. Following receipt of a resubmitted Claim Form from the Claimant within such 21-day period, the Settlement Administrator shall have 10 days to determine, in its reasonable discretion, that the Claimant has provided a completed Claim Form, in which case the Settlement Administrator shall then determine whether the Claimant's claim shall also be deemed an Approved Claim pursuant to Section VII.B. above. If the Claimant fails submit a completed Claim Form within the 21-day period required by this paragraph, the Settlement Administrator shall reject the Claimant's Claim and notify Class Counsel, Defendant's counsel, and the Claimant of the rejection.

E.     All Costs of Administration will be paid by Defendant, and in no event shall Plaintiffs or Class Counsel be liable for any costs incurred in connection with providing notice to the Class or any Costs of Administration.  The Costs of Administration do not include any Attorneys' Fees or Expenses, which—if awarded by the Court—will be paid separately by Defendant. The Costs of Administration also do not include any Service Awards, which—if awarded by the Court—will be paid separately by Class Counsel.

F.     **The following provisions apply to Class Members' return of Gen 3 Paddles:**

1.     All costs associated with the return process described below shall be paid by Defendant as part of the Costs of Administration.

2.     The Settlement Administrator shall provide JOOLA with notice of all Approved Claims and Approved Claimants.

3.     JOOLA shall establish with FedEx a paddle return program and procedure that all Approved Claimants will use to return their paddle(s) without being required to pay the cost of shipping or packaging. Within fourteen (14) days of receiving the Settlement Administrator's notice pursuant to the immediately preceding paragraph, JOOLA shall provide each Approved Claimant, via electronic mail, text message, or by USPS mail, with a prepaid FedEx shipping label and code, which label or code shall be accompanied by notice of the deadline by which all returned Gen 3 Paddles must be placed into the possession of FedEx in order to be considered for a refund.  The Approved Claimant may take the electronic or printed return label and code to any FedEx location. The Approved Claimant will provide the Gen 3 Paddle to the FedEx representative, who will package the paddle, affix a shipping label that also contains the unique Claimant identifier code, and ship it to JOOLA.  No envelope may contain more than one Gen 3 Paddle.

11

4. All Gen 3 Paddles returned by Class Members to JOOLA shall be provided to FedEx to be shipped not later than thirty (30) days subsequent to the Claims Deadline, i.e., one hundred twenty (120) days after the Notice Date.

5. There is no requirement that a returned Gen 3 Paddle be in any particular condition, including that the paddle may be used or broken; provided, however, that a substantially complete paddle – whether in one piece or in multiple pieces – shall be returned.

6. Defendant shall have, not later than fourteen (14) days after receipt of a paddle from an Approved Claimant (the "Inspection Deadline"), the right to inspect each returned paddle and to object to the Approved Claimant's eligibility to receive any Settlement Consideration if in good faith Defendant deems that the returned paddle is not a complete paddle or is not an authentic JOOLA Gen 3 Paddle. If Defendant objects to the return of any paddle based upon any of these reasons, it shall provide written notice within the Inspection Deadline to Class Counsel and the Claimant explaining the basis for its rejection and provide a photograph of the paddle at issue. The Claim Administrator shall promptly notify Claimant. Class Counsel and the Claimant shall have 21 days after receipt of such notice to dispute, in good faith, any such rejections (a "Rejection Dispute Notice"). Any disputed objections shall be submitted to the Settlement Administrator, which shall be responsible in its sole discretion for making a final determination of such dispute no later than fourteen (14) days after receiving a Rejection Dispute Notice; provided, however, that the Settlement Administrator shall not have authority to deviate from the express terms of the Parties' Settlement. If Class Counsel or Claimant do not dispute an objection, or if the Settlement Administrator resolves a disputed objection in Defendant's favor, then Defendant shall promptly return to the Claimant the paddle(s) that Defendant received from the Claimant and shall not have any obligation or liability to the Claimant for any Settlement Consideration with respect to such paddle.

G. The Settlement Administrator shall provide JOOLA and all counsel for the Parties with access to an electronic database that organizes all submitted Claim Forms by unique identifier number or code assigned to each Claim, and which also permits each Claimant's completed, approved Claim Form to be viewed electronically or downloaded. The form shall also provide information regarding deadlines and approval status required by this Agreement.

H. Commencing on the Wednesday following the Notice Date, and thereafter on a weekly basis on Wednesdays, the Settlement Administrator shall provide to Settlement Class Counsel and Counsel for Defendant reports regarding the Settlement Administration, which shall include at least the number of Claim Forms filed, the number of Opt-Outs received, the number of Objections received, and statistics regarding the usage of the Settlement Website.

12

I.    The Settlement Administrator shall establish an escrow account into which Defendant shall deposit sufficient funds to pay all Category 1 Approved Claims. With respect to all Category 2 Approved Claims, Defendant shall provide the Approved Claimant with a $150.00 one-time gift code to be used on www.joola.com. All Category 1 payments and all Category 2 gift codes shall not be made before the Effective Date, but shall be made to Approved Claimants no later than thirty (30) days after the Effective Date.

## VIII. PROCEDURES FOR OBJECTING TO OR REQUESTING EXCLUSION FROM SETTLEMENT

A.    **Objections:** Only Settlement Class Members may object to the settlement. All objections must be filed no later than thirty calendar days after the Claims Deadline (the "Objection/Exclusion Deadline") with Clerk of the United States District Court for the Southern District of Florida, 400 North Miami Avenue, Miami, FL 33128, and served at that same time upon each of the following co-lead class counsel:

Tyler Ulrich
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
Telephone: (305) 539-8400
E-mail: tulrich@bsfllp.com

    -and-

Bradley J. Edwards
EDWARDS HENDERSON PLLC
425 N. Andrews Ave., Suite 2
Fort Lauderdale, FL 33301
(954)-524-2820
Email: brad@cvlf.com

    -and-

Hallie Von Rock
AIMAN-SMITH & MARCY, PC
7677 Oakport St., Suite 1000
Oakland, CA 94621
(510) 817-2711
E-mail: hvr@asmlawyers.com

B.    A Settlement Class Member's objection must:

    i.    be in writing;
    ii.    include the objector's full name, current address, and current telephone number;

13

      iii.     include documentation or attestation sufficient to establish membership in the Settlement Class;

      iv.     be signed by the person filing the objection, or his attorney;

      v.     state, in detail, the factual and legal grounds for the objection;

      vi.     state any objections filed by the objector in the last seven years (case name, name of court and result of objection);

      vii.     attach any document the Court should review in considering the objection and ruling on the Motion;

      viii.     provide dates for availability to Class Counsel for the Settlement Class Member's deposition; and

      ix.     include a request to appear at the Final Approval Hearing, if the objector intends to appear at the Final Approval Hearing.

C.     Any objection that does not meet all of these requirements will be deemed invalid and will be overruled.

D.     Subject to approval of the Court, any objecting Settlement Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, or object to any petitions for attorneys' fees, Service Awards, and reimbursement of reasonable litigation costs and expenses. The objecting Class Member must file with the Clerk of the Court and serve upon Class Counsel and Defendant's Counsel (at the addresses listed above), a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear") on or before the Objection/Exclusion Deadline.

E.     The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Class Member (or his/her/its counsel) will present to the Court in connection with the Final Approval Hearing. Any Class Member who does not provide a Notice of Intention to Appear in complete accordance with the deadlines and other specifications set forth in the Class Notice, will not be allowed to speak or otherwise present any views at the Final Approval Hearing.

F.     The date of the postmark on the mailing envelope or a legal proof of service accompanied by a file-stamped copy of the submission shall be the exclusive means used to determine whether an objection and/or notice of intention to appear has been timely filed and served. In the event that the postmark is illegible, the objection and/or notice to appear shall be deemed untimely unless it is received by the counsel for the Parties within two (2) calendar days of the Objection/Exclusion Deadline.

G.     <u>Response to Objections</u>: Class Counsel and Defendant's counsel shall, at least ten (10) business days (or such other number of days as the Court shall specify) before the Final Approval Hearing, file any responses to any written objections submitted to the Court by Settlement Class Members in accordance with this Agreement.

H.     <u>No Solicitation of Settlement Objections</u>: The Parties agree to use their best efforts

to carry out the terms of this Settlement. At no time will any of the Parties or their counsel seek to solicit or otherwise encourage any Settlement Class Member to object to the settlement or encourage any Settlement Class Member to appeal from the final judgment.

I. **Requests for Exclusion**

1. Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written "request for exclusion" to the Settlement Administrator at the address provided in the Class Notice, mailed sufficiently in advance to be received by the Settlement Administrator no later than the Objection/Exclusion Deadline. A written request for exclusion must: (a) contain a caption or title that identifies it as "Request for Exclusion in "*Matus v. Sport Squad, Inc. d/b/a JOOLA*"; (b) include the Settlement Class Member's name, mailing and email addresses, and contact telephone number; (c) specify that he or she wants to be "excluded from the Settlement Class"; and (d) be personally signed by the Settlement Class Member. The requirements for submitting a timely and valid request for exclusion shall be set forth in the Class Notice.

2. Each Settlement Class Member who wishes to be excluded from the Settlement Class must submit his or her own personally signed written request for exclusion. A single written request for exclusion submitted on behalf of more than one Potential Settlement Class Member will be deemed invalid; provided, however, that an exclusion received from one Settlement Class Member will be deemed and construed as a request for exclusion by all co-purchasers of the Settlement Class Members' Gen 3 Paddle(s) (e.g., if a paddle was purchased using a credit card or bank account issued to or owned by more than one person).

3. Unless excluded by separate Order entered by the Court for good cause shown prior to the final approval of this Settlement, any Settlement Class Member who fails to strictly comply with the procedures set forth in this Section for the submission of written requests for exclusion will be deemed to have consented to the jurisdiction of the Court, will be deemed to be part of the Settlement Class, and will be bound by all subsequent proceedings, orders, and judgments in the Actions, including, but not limited to, the Release, even if he or she has litigation pending or subsequently initiates litigation against the Defendant relating to the released claims.

4. The Settlement Administrator shall file with the Court, no later than ten (10) days before the Fairness Hearing, a list reflecting all requests for exclusion it has received. The list shall also identify which of those requests for exclusion were received after the Objection/Exclusion Deadline, and which requests for exclusion failed to comply with the requirements of this Section VIII.

5. In the event that, upon receipt of the list of opt-outs and objections by counsel for JOOLA, there have been more than five hundred (500) timely and valid opt-

outs submitted, JOOLA may, but is not obligated to, void the Agreement by notifying Class Counsel and the Court in writing within 7 days. If JOOLA voids the Agreement pursuant to this paragraph, JOOLA shall be obligated to pay any settlement expenses incurred by Class Counsel, excluding attorney's fees, costs, and expenses, and shall not, at any time, seek recovery of same from any other party to the Actions or from counsel to any other party to the Actions.

6. Settlement Class Members who exclude themselves from the Settlement Class as set forth in this Section expressly waive any right to the continued pursuit of any objection to the Settlement as set forth in this Section, or to otherwise pursue any objection, challenge, appeal, dispute, or collateral attack to this Agreement or the Settlement, including: to the Settlement's fairness, reasonableness, and adequacy; to the appointment of Class Counsel and Plaintiff Matus as the representative of the Settlement Class; to any Attorneys' Fee and Expense awards; and to the approval of the Class Notice, and the procedures for disseminating the Class Notice to the Settlement Class.

## IX.   ATTORNEYS' FEES AND EXPENSES

A.   Class Counsel may petition the Court, without objection from Defendant, for an award paid by Defendant of Class Counsel's Attorney's Fees and Expenses totaling no more than $790,000.00.

B.   The amount of Attorney's Fees and Expenses are intended to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. These payments will not in any way reduce the consideration available to the Settlement Class as described herein.

C.   Class Counsel shall file its motion for an Attorneys' Fees and Expenses award no later than fourteen (14) days before the Objection/Exclusion Deadline. As soon as is practicable after filing, Class Counsel shall cause the Settlement Administrator to post on the Settlement Website all papers filed and served in support of Class Counsel's motion for an award of Attorneys' Fees and Expenses. The Defendant agrees not to oppose any petition by Class Counsel for Attorneys' Fees and Expenses.

D.   Any Attorneys' Fees and Expenses awarded to Class Counsel by the Court shall be paid by Defendant within fourteen (14) days after the later of (a) the Effective Date, or (b) the date of the Court's order awarding such Attorneys' Fees and Expenses.

E.   In the event the Final Judgment is not entered or this Agreement and the Settlement do not reach the Effective Date, the Defendant will not be liable for, and shall be under no obligation to pay, any of the Attorneys' Fees and Expenses set forth herein and described in this Agreement.

F.   The effectiveness of this Agreement and Settlement will not be conditioned upon or delayed by the Court's failure to approve in whole or in part any petition by Class

Counsel for Attorneys' Fees and Expenses. The denial, downward modification, or failure to grant any petition by Plaintiffs Attorneys' Fees and Expenses shall not constitute grounds for modification or termination of this Agreement or the Settlement proposed herein.

**X.    SERVICE AWARDS**

A.    Class Counsel may petition the Court for an award to be paid by Class Counsel from any amount awarded under Section IX, of $10,000 each for Plaintiffs Gregory Matus and John Michael Tomberlin. The Defendant agrees not to oppose any petition by Class Counsel for Service Awards.

B.    Class Counsel will also be solely responsible for distributing such Service Awards to the Plaintiffs, in accordance with the terms and provisions of any Order entered by the Court approving such awards.

C.    In the event the Final Judgment is not entered or this Agreement and the Settlement do not reach the Effective Date, Class Counsel shall be under no obligation to pay any of the Service Awards set forth herein and described in this Agreement.

D.    The effectiveness of this Agreement and Settlement will not be conditioned upon or delayed by the Court's failure to approve in whole or in part Service Awards for Plaintiffs.

**XI.    DUTIES OF THE PARTIES PRIOR TO THE EFFECTIVE DATE**

The Parties shall promptly submit this Agreement to the District Court in support of Plaintiff's Unopposed Motion for Preliminary Approval and for determination by the District Court as to its fairness, adequacy, and reasonableness. Promptly upon execution of this Agreement, the Parties shall apply to the District Court for the entry of a Preliminary Approval order substantially in the following form:

A.    Scheduling a Final Approval Hearing on the question of whether the proposed settlement should be finally approved as fair, reasonable, and adequate as to the members of the Settlement Class;

B.    Approving as to form and content the Class Notice;

C.    Directing the method and frequency of Class Notice;

D.    Preliminarily approving the Settlement;

E.    Preliminarily and conditionally certifying the Settlement Class for settlement purposes;

F.    Staying all proceedings in the Actions against Defendant, and enjoining the

17

prosecution of any other individual or Class claims against Defendant;

G.     Providing that, in the event the proposed settlement set forth in this Agreement is not approved by the District Court, this Agreement and all orders entered in connection therewith, including but not limited to any order conditionally certifying the Settlement Class, shall become null and void and shall be of no further force and effect and shall not be used or referred to for any purposes whatsoever in the Actions or in any other case or controversy; and that in such an event, this Agreement and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all parties hereto, who shall be restored to the respective positions as of the date of this Agreement. In the event the District Court does not enter the Preliminary Approval order described herein, or decides to do so only with material modifications, then this entire Agreement shall become null and void, unless the parties hereto agree in writing to proceed with this Agreement as modified.  JOOLA will retain all paddles until Final Approval of the Settlement by the Court and will return all paddles to Class Members in the event the Court does not grant Final Approval.

## XII. COURT APPROVALS

1.     Class Counsel will submit a proposed final order and judgment at the Final Approval Hearing to include:

A.     Approving the Settlement, adjudging the terms thereof to be fair, reasonable, and adequate, and directing consummation of its terms and provisions; and

B.     Seeking entry by the Court of a Final Judgment and order permanently barring the Parties and Settlement Class Members from prosecuting the other Parties and their officers, attorneys, directors, shareholders, employees, agents, retailers, suppliers, distributors, endorsers, and consultants, in regard to those matters released as set forth in Section V.A. above.

2.     The Settlement between the Parties is contingent on the required Court approvals of all the terms set forth herein.

## XIII. PARTIES' AUTHORITY

The signatories represent that they are fully authorized to enter into this Agreement and bind the Parties to its terms and conditions.

## XIV. MUTUAL FULL COOPERATION

A.     The Parties agree to cooperate fully with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents and the taking of such other actions as may reasonably be necessary to implement the terms of this Agreement. The Parties to this Agreement shall use their best efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Agreement. As soon as practicable after execution of this Agreement, Class Counsel, with the assistance and cooperation of Defendant and its counsel, shall take all necessary steps to

secure the Court's final approval of this Agreement. Defendant agrees that it will not challenge venue or jurisdiction in the Southern District of Florida. Defendant will not oppose the Plaintiff's motion for certification of the Settlement Class, which will be filed in the Southern District of Florida based on the terms set forth herein.

## XV. NO ADMISSION

This Agreement is not to be construed or deemed as an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant or as an admission that class treatment in the Actions is proper for any purpose other than settlement. Defendant denies all liability for claims asserted in the Actions and denies that class treatment for the Actions is proper for any purpose other than settlement. Each of the Parties has entered into this Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses. This Agreement is a settlement document and shall, pursuant to Fed. R. Evid. 408 and related or corresponding state evidence laws, be inadmissible in evidence in any proceeding. This Agreement or the existence of this Settlement shall not be used or cited in any proceeding other than (i) an action or proceeding to approve or enforce this Agreement, or (ii) in a subsequent proceeding potentially barred by the Release specified herein.

## XVI. NOTICES

Unless otherwise specifically provided, all notices, demands or other communications in connection with this Agreement shall be in writing and shall be deemed to have been given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

| **For The Class** | **For Defendant** |
|---|---|
| Tyler Ulrich<br>BOIES SCHILLER FLEXNER LLP<br>100 SE 2nd Street, Suite 2800<br>Miami, Florida 33131<br>Telephone: (305) 539-8400<br>E-mail: tulrich@bsfllp.com<br><br>-and-<br><br>Bradley J. Edwards<br>EDWARDS HENDERSON PLLC<br>425 N. Andrews Ave., Suite 2<br>Fort Lauderdale, FL 33301<br>(954)-524-2820<br>Email: brad@cvlf.com<br><br>-and- | Joshua A. Glikin<br>SHULMAN ROGERS<br>12505 Park Potomac Avenue, 6th Floor<br>Potomac, Maryland 20854<br>Tel: (410) 520-1342<br>Fax: (301) 230-2891<br>E-mail: JGlikin@shulmanrogers.com<br><br>-and-<br><br>Simon M. Nadler<br>General Counsel<br>JOOLA<br>915 Meeting Street, Suite 1300<br>North Bethesda, MD 20852<br>Email: snadler@joola.com<br>(this copy shall not constitute notice) |

19

| | |
|---|---|
| Hallie Von Rock<br>AIMAN-SMITH & MARCY, PC<br>7677 Oakport St., Suite 1000<br>Oakland, CA 94621<br>(510) 817-2711<br>E-mail: hvr@asmlawyers.com | |

## XVII. CONSTRUCTION

The Parties agree that the terms and conditions of this Agreement are the result of lengthy, intensive, arms-length negotiations between the Parties, and that this Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his or its counsel participated in the drafting of this Agreement.

## XVIII. MATERIAL TERMS; CAPTIONS

Each term of this Agreement is a material term of the Agreement not merely a recital, and reflects not only the intent and objectives of the Parties but also the consideration to be exchanged by the Parties hereunder. Paragraph titles or captions are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement or any of its provisions.

## XIX. INTEGRATION CLAUSE

This Agreement contains the entire agreement between the Parties relating to the settlement, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are extinguished.

## XX. NO COLLATERAL ATTACK

This Agreement shall not be subject to collateral attack by any Settlement Class Member or any recipient of the notices to the Settlement Class after the judgment and dismissal is entered. Such prohibited collateral attacks shall include claims made before the Final Approval Hearing that a Settlement Class Member's settlement amount was improperly calculated or adjusted or that the Settlement Class Member failed to receive timely notice of the procedure for disputing the calculation of the individual settlement amount or failed to submit a timely dispute letter for any reason.

## XXI. AMENDMENTS

The terms and provisions of this Agreement may be amended only by a written agreement, which is both (1) signed by the Parties who have executed this Agreement and (2) approved by the Court.

## XXII. ASSIGNMENTS

None of the rights, commitments, or obligations recognized under this Agreement may be assigned by any Party or Settlement Class Member without the express written consent of each other Party hereto. The representations, warranties, covenants, and agreements contained in this Agreement are for the sole benefit of the Parties and Settlement Class Members under this Agreement, and shall not be construed to confer any right or to avail any remedy to any other person.

## XXIII. GOVERNING LAW

This Agreement shall be governed by, and the rights of the Parties determined in accordance with, the laws of the State of Florida, irrespective of the State of Florida's choice of law principals. The Parties shall jointly request that the District Court retain jurisdiction to enforce the provisions of this Agreement and to enforce the Agreement in the event of default.

## XXIV. BINDING ASSIGNS

This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

## XXV. CLASS COUNSEL SIGNATORIES

It is agreed that because the Settlement Class appear to be so numerous, it is impossible or impractical to have each member of the Class execute this Agreement. The notice plan set forth herein will advise Settlement Class Members of all material terms of this Agreement, including the binding nature of the releases and such shall have the same force and effect as if this Agreement were executed by each Settlement Class Member.

## XXVI. COUNTERPARTS

This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties and the Settlement Class. All Parties must sign this Agreement for it to be binding.

REVIEWED AND APPROVED FOR LEGAL COMPLIANCE ONLY:

*Counsel for Plaintiff, Greg Matus:*

_____          Date: May 5, 2025_____
Tyler Ulrich
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
Telephone: (305) 539-8400
E-mail: tulrich@bsfllp.com

Sigrid McCawley
BOIES SCHILLER FLEXNER LLP
401 E. Las Olas Blvd. Suite 1200
Fort Lauderdale, FL 33316
Telephone: (954) 356-0011
E-mail: smccawley@bsfllp.com

Bradley J. Edwards
Brittany N. Henderson
425 N. Andrews Ave., Suite 2
Fort Lauderdale, Florida 33301
Telephone (954) 524-2820
Email: brad@cvlf.com
brittany@cvlf.com
ecf@cvlf.com


*Counsel for Plaintiff, John Michael Tomberlin:*

_____          Date: 05/05/2025
Hallie Von Rock (May 5, 2025 14:21 PDT)                _____

**A I M A N - S M I T H & M A R C Y**
P R O F E S S I O N A L   C O R P O R A T I O N
Randall B. Aiman-Smith
ras@asmlawyers.com
Reed W.L. Marcy
rwlm@asmlawyers.com
Hallie Von Rock
hvr@asmlawyers.com
Lisseth Bayona
lb@asmlawyers.com
7677 Oakport St., Suite 1150
Oakland, CA 94621
T 510.817.2711
F 510.562.6830


*Counsel for Defendant, Sport Squad, Inc.:*          Date: _____

_____
Joshua A. Glikin
jglikin@shulmanrogers.com
SHULMAN ROGERS, P.A.
12505 Park Potomac Avenue, 6th Floor
Potomac, Maryland 20854
Tel: (301) 231-0956
Fax: (301) 230-2891

ACCEPTED AND AGREED:


By:


_____     Date: _____

Greg Matus

_____     Date: 05/05/2025
John Michael Tomberlin (May 5, 2025 14:40 PDT)

John Michael Tomberlin



**By: Sport Squad, Inc.**


_____     Date: _____

Gordon Kaye
Chief Experience Officer

ACCEPTED AND AGREED:


By:
_____          Date: 5/05/2025
Greg Matus                                              _____


_____          Date: _____
John Michael Tomberlin


**By: Sport Squad, Inc.**


_____          Date: _____
Gordon Kaye
Chief Experience Officer

Bradley J. Edwards
Brittany N. Henderson
425 N. Andrews Ave., Suite 2
Fort Lauderdale, Florida 33301
Telephone (954) 524-2820
Email: brad@cvlf.com
brittany@cvlf.com
ecf@cvlf.com


*Counsel for Plaintiff, John Michael Tomberlin:*

_____          Date: _____



AIMAN-SMITH & MARCY
PROFESSIONAL CORPORATION

Randall B. Aiman-Smith
ras@asmlawyers.com
Reed W.L. Marcy
rwlm@asmlawyers.com
Hallie Von Rock
hvr@asmlawyers.com
Lisseth Bayona
lb@asmlawyers.com
7677 Oakport St., Suite 1150
Oakland, CA 94621
T 510.817.2711
F 510.562.6830


*Counsel for Defendant, Sport Squad, Inc.:*          Date: 05/05/2025

_____
Joshua A. Glikin
jglikin@shulmanrogers.com
SHULMAN ROGERS, P.A.
12505 Park Potomac Avenue, 6th Floor
Potomac, Maryland 20854
Tel: (301) 231-0956
Fax: (301) 230-2891

ACCEPTED AND AGREED:


By:

_____     Date: _____
Greg Matus

_____     Date: _____

John Michael Tomberlin


**By: Sport Squad, Inc.**

*Gordon Kaye*
_____     Date: 05/05/2025
                                           _____
Gordon Kaye
Chief Experience Officer

**Progress** | **RightSignature**



**REFERENCE NUMBER**
5A78A375-C25D-427D-9B4F-B7FDF5E2DD4B

# SIGNATURE CERTIFICATE

## TRANSACTION DETAILS

**Reference Number**
5A78A375-C25D-427D-9B4F-B7FDF5E2DD4B

**Transaction Type**
Signature Request

**Sent At**
05/05/2025 16:49 EDT

**Executed At**
05/05/2025 17:00 EDT

**Identity Method**
email

**Distribution Method**
email

**Signed Checksum**
513a6a0f31bf68f926a84b6a311e0a638ecf672e5d3a07f970063d626cbee275

**Signer Sequencing**
Disabled

**Document Passcode**
Disabled

## DOCUMENT DETAILS

**Document Name**
FINAL FINAL DRAFT - Settlement Agmt 5 5 25-adding Paddle retention sentence 002
47223545 1

**Filename**
FINAL_FINAL_DRAFT_-_Settlement_Agmt_5_5_25-
adding_Paddle_retention_sentence_002_47223545_1_.pdf

**Pages**
24 pages

**Content Type**
application/pdf

**File Size**
414 KB

**Original Checksum**
e4e86c54c90957df736377ddd901fd469ae305af711b41e4044b7d42bb3b9949

# SIGNERS

| SIGNER | E-SIGNATURE | EVENTS |
|---|---|---|
| **Name**<br>Josh Glikin | **Status**<br>signed | **Viewed At**<br>05/05/2025 16:59 EDT |
| **Email**<br>jglikin@shulmanrogers.com | **Multi-factor Digital Fingerprint Checksum**<br>0b429a711289343b3b84eea27f34fd374c509f01959a21f1b16f2878ca7b6b04 | **Identity Authenticated At**<br>05/05/2025 17:00 EDT |
| **Components**<br>2 | **IP Address**<br>50.144.231.226 | **Signed At**<br>05/05/2025 17:00 EDT |
| | **Device**<br>Chrome via Windows | |
| | **Drawn Signature** | |
| | **Signature Reference ID**<br>EEBCF868 | |
| | **Signature Biometric Count**<br>5 | |
| **Name**<br>Gordon Kaye | **Status**<br>signed | **Viewed At**<br>05/05/2025 16:50 EDT |
| **Email**<br>gkaye@joola.com | **Multi-factor Digital Fingerprint Checksum**<br>84f9de540c032a9c1f2c915ec72eed542bb355c9ab9e4e7766a9f766d4ccb894 | **Identity Authenticated At**<br>05/05/2025 16:51 EDT |
| **Components**<br>2 | **IP Address**<br>67.208.172.74 | **Signed At**<br>05/05/2025 16:51 EDT |
| | **Device**<br>Microsoft Edge via Windows | |
| | **Typed Signature**<br>*Gordon Kaye* | |
| | **Signature Reference ID**<br>2AA8466D | |

# AUDITS

| TIMESTAMP | AUDIT |
|---|---|
| 05/05/2025 16:49 EDT | Trina Lewis (tlewis@shulmanrogers.com) created document 'FINAL_FINAL_DRAFT_-_Settlement_Agmt_5_5_25-adding_Paddle_retention_sentence_002_47223545_1_.pdf' on Chrome via Windows from 35.169.110.255. |
| 05/05/2025 16:49 EDT | Gordon Kaye (gkaye@joola.com) was emailed a link to sign. |
| 05/05/2025 16:49 EDT | Josh Glikin (jglikin@shulmanrogers.com) was emailed a link to sign. |
| 05/05/2025 16:50 EDT | Gordon Kaye (gkaye@joola.com) viewed the document on Microsoft Edge via Windows from 67.208.172.74. |

| TIMESTAMP | AUDIT |
| --- | --- |
| 05/05/2025 16:51 EDT | Gordon Kaye (gkaye@joola.com) authenticated via email on Microsoft Edge via Windows from 67.208.172.74. |
| 05/05/2025 16:51 EDT | Gordon Kaye (gkaye@joola.com) signed the document on Microsoft Edge via Windows from 67.208.172.74. |
| 05/05/2025 16:59 EDT | Josh Glikin (jglikin@shulmanrogers.com) viewed the document on Chrome via Windows from 50.144.231.226. |
| 05/05/2025 17:00 EDT | Josh Glikin (jglikin@shulmanrogers.com) authenticated via email on Chrome via Windows from 50.144.231.226. |
| 05/05/2025 17:00 EDT | Josh Glikin (jglikin@shulmanrogers.com) signed the document on Chrome via Windows from 50.144.231.226. |