UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-CV-60954-LEIBOWITZ/AUGUSTIN-BIRCH

**GREG MATUS,** *on behalf of himself*
*and all others similarly situated*,

    Plaintiff,

v.

**SPORT SQUAD, INC. d/b/a JOOLA,**

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
AND PROVISIONAL CERTIFICATION OF PROPOSED SETTLEMENT CLASS**

    This cause comes before the Court on Plaintiff Greg Matus' Unopposed Motion for Preliminary Approval of Settlement and Provisional Certification of Proposed Settlement Class. DE 55. The Honorable David S. Leibowitz, United States District Judge, referred the Motion to the undersigned United States Magistrate Judge. DE 56. The Court has carefully considered the Motion and the record and is otherwise fully advised in the premises. The Court **RECOMMENDS** that the Motion [DE 55] be **GRANTED**.

    Plaintiff filed an Amended Class Action Complaint against Defendant Sport Squad, Inc. doing business as JOOLA for unjust enrichment, breach of warranty, and violation of the Florida Deceptive and Unfair Trade Practices Act. DE 18. He filed the claims on behalf of himself and nationwide and multi-state classes of persons who purchased certain models of pickleball paddles between November 2023 and the present. *Id.* ¶¶ 58–59. Plaintiff alleged that Defendant marketed the paddles with a warranty that USA Pickleball, the national body governing the sport of

pickleball, approved the paddles, when USA Pickleball in fact did not approve the paddles. *Id.* ¶¶ 1–2, 6–12. Plaintiff, on behalf of himself and the classes, and Defendant have now reached a settlement. In his Motion, Plaintiff seeks provisional class certification, preliminary class settlement approval, appointment as the class representative, appointment of co-lead class counsel, approval of a notice plan and settlement administrator, and a schedule leading to a final approval hearing.[1]

The proposed settlement is on behalf of a class of persons residing within the United States who own and have in their possession certain models of pickleball paddles. DE 55-1 § I.W., FF. More specifically, the class is defined as:

> All persons residing within the United States who own and have in their possession a JOOLA Gen 3 Paddle. Persons who accepted JOOLA's prior offer to tender and return their Gen 3 Paddle are not part of the Settlement Class; however, if a Gen 3 Paddle holder has more than one Gen 3 Paddle and did not already return all of their Gen 3 Paddles, such purchaser may still be part of the class as to the remainder of the paddles that were not previously returned. Excluded from the Settlement Class are Defendant and its officers, directors, affiliates, legal representatives, employees, assigns and successors, and Defendant's Authorized Retailers.

*Id.* § I.FF. Class members who provide proof of original purchase of a paddle from an authorized retailer will receive a $300 refund. *Id.* § IV.A. Class members who do not provide such proof of purchase will receive a gift code for $150 to use on the website www.joola.com. *Id.* § IV.B. Defendant will also pay the costs of administering the settlement. *Id.* § VII.E. Class counsel may petition the Court for an award of attorneys' fees and expenses from Defendant totaling no more than $790,000, and such award does not reduce the consideration available to the class members. *Id.* § IX.A., B.

---

[1] After Defendant answered the Amended Class Action Complaint, Defendant filed a Third-Party Complaint against the USA Pickleball Association for indemnification and contribution. DE 38. As Plaintiff explains in his Motion, the settlement does not resolve Defendant's claims against the USA Pickleball Association. DE 55 at 3 n.1. The settlement does resolve a similar case pending in the Central District of California, *Tomberlin v. Sport Squad, Inc.*, No. 5:24-cv-01158-MWC-SP.

A class action must meet the requirements of Federal Rule of Civil Procedure 23(a) and (b). First, a class member may sue on behalf of all class members only if the class is so numerous that joinder of all members is impracticable, there are questions of law or fact common to the class, the claims or defenses of the class representative are typical of the claims or defenses of the class, and the class representative will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). These four prerequisites are known as numerosity, commonality, typicality, and adequacy of representation. Second, the class action must satisfy one of the requirements under section (b), the third of which is that "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

Upon preliminary review, this class action meets the prerequisites under Rule 23(a). As for numerosity, Plaintiff estimates that there are over 17,000 class members. DE 55 at 18. Accepting that estimation, the class is so numerous that joinder of all members is impracticable. *Cf. Kilgo v. Bowman Transp., Inc.*, 789 F.2d 859, 878 (11th Cir. 1986) (concluding that a district court did not abuse its discretion in finding the numerosity requirement for class certification met where the plaintiffs identified at least 31 class members). Commonality requires the presence of at least one issue affecting all or a significant number of the class members and is met where the allegations involve a common course of conduct by the defendant. *Fabricant v. Sears Roebuck*, 202 F.R.D. 310, 313 (S.D. Fla. 2001). Here, whether Defendant misrepresented the approval of its pickleball paddles and thereby violated the law are issues that are common to all class members. Typicality "measures whether a sufficient nexus exists between the claims of the named representatives and those of the class at large." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1275

(11th Cir. 2009) (quotation marks omitted). Being one purchaser of the paddles at issue, Plaintiff's claims and injury are typical of all purchasers of the same paddles containing the same alleged misrepresentation. *See* DE 18 ¶ 19 (alleging that "Plaintiff purchased two of the Subject Paddles"). Finally, the prerequisite of adequacy of representation examines whether there are any substantial conflicts of interest between the representative and the class and whether the representative will adequately prosecute the case. *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003). Based on a review of the record and the proposed settlement, Plaintiff and his counsel have adequately prosecuted this case, and the Court has no reason to suspect that Plaintiff has any conflicts of interest with the other class members.

Upon preliminary review, the requirement under Rule 23(b)(3) is also met. Given that all class members purchased the pickleball paddles that allegedly were deficient for the same reason, questions of law and fact common to the class members predominate over any questions that might affect only individual members. A class action is a superior method to fairly and efficiently resolve the class members' claims. The Court recommends provisional certification of this case as a class action.

Turning to Plaintiff's request for preliminary class settlement approval, a court may approve a class action settlement only upon finding that it is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2). To make that finding, the court must consider whether the class representative and class counsel have adequately represented the class, the settlement was negotiated at arm's length, the relief provided for the class is adequate, and the settlement treats class members equitably relative to each other. *Id.* "A proposed settlement should be preliminarily approved if it is within the range of possible approval or, in other words, if there is probable cause to notify

the class of the proposed settlement." *Encarnaction v. J.W. Lee, Inc.*, No. 14-61927, 2015 WL 12550747, at *1 (S.D. Fla. June 30, 2015) (alteration and quotation marks omitted).

Upon preliminary review, the proposed settlement is fair, reasonable, and adequate. Plaintiff represents that, to Defendant's knowledge, the highest retail price for one of the pickleball paddles at issue was $279.95, while the lowest retail price was $235. DE 55 at 14–15. Class members who provide proof of original purchase and thus receive a $300 refund will receive a sufficient sum to cover the purchase price. Class members who do not provide proof of original purchase receive a gift code for $150, a sum over half the purchase price. These sums are reasonable and adequate to compensate the class members. Plaintiff represents that the parties reached the settlement after informed and extensive arm's-length negotiations with the assistance of an experienced mediator. *Id.* at 15. The settlement treats the class members fairly and equitably in relation to one another. The Court recommends preliminary approval of the class settlement.

Plaintiff requests appointment as the class representative. Based on the Court's findings above concerning typicality and adequacy of representation, the Court recommends appointment of Plaintiff as the class representative.

Plaintiff asks that Sigrid McCawley and Tyler Ulrich of Boies Schiller Flexner LLC, Brad Edwards of Edwards Henderson, and Hallie Von Rock of Aiman-Smith & Marcy be appointed co-lead class counsel. "Class counsel must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4). In appointing class counsel, a court must consider the work counsel has done in identifying or investigating potential claims in the action; counsel's experience in handling class actions, other complex litigation, and the type of claims asserted in the action; counsel's knowledge of the applicable law; and the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A). The court may also consider "any other matter pertinent to

counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

The Court has reviewed the record to apprise itself of the work that proposed co-lead counsel performed in this case thus far. Proposed co-lead counsel filed declarations that explain their experience with other class actions, multi-district litigation, and complex litigation. DE 55-3, -4, and -5. The Court is satisfied that proposed co-lead counsel are knowledgeable in the applicable law and that they have sufficient resources to devote to litigating this case to its conclusion. The Court recommends appointment of Sigrid McCawley and Tyler Ulrich of Boies Schiller Flexner LLP, Brad Edwards of Edwards Henderson, and Hallie Von Rock of Aiman-Smith & Marcy as co-lead class counsel.

Plaintiff seeks approval of a proposed notice plan and of Kroll Settlement Administration, LLC ("Kroll") as the settlement administrator. For a class certified under Rule 23(b)(3), a "court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B) (listing facts that must be included in the notice in clear, concise, plain, and easily understood language). The Court has reviewed Plaintiff's proposed notice plan. DE 55-6. The plan contains all of the facts required under Rule 23(c)(2)(B)(i)–(viii), and the Court is satisfied that it sufficiently and fairly notifies class members of the settlement and their rights. The Court has also reviewed a declaration from Kroll's media director. DE 55-2. The Court is satisfied that Kroll has the expertise, competency, and resources to adequately notify the class members and to effectuate the settlement process. The Court recommends approval of the notice plan and of Kroll as the settlement administrator.

Accordingly, the Court recommends that Plaintiff Greg Matus' Unopposed Motion for Preliminary Approval of Settlement and Provisional Certification of Proposed Settlement Class [DE 55] be **GRANTED** and that this case be provisionally certified as a class action, the class settlement be preliminarily approved, Plaintiff be appointed as the class representative, co-lead class counsel be appointed, and the notice plan and settlement administrator be approved. The Court further recommends that Judge Leibowitz set a schedule culminating in a final approval hearing. The parties' proposed schedule appears on page 23 of Plaintiff's Motion and is dependent on the date of preliminary approval of the class settlement.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 11th day of August, 2025.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE